Robert Gilbert MAY, Plaintiff-Appellant,

v.

STATE OF GEORGIA et al., Defendants-Appellees.

No. 26736.

United States Court of Appeals
Fifth Circuit.
March 20, 1969.

———◆———

Robert Gilbert May, pro se.

Arthur K. Bolton, Atty. Gen., Wm. R. Childers, Jr., Asst. Atty. Gen., Lewis R. Slayton, Sol. Gen., Atlanta, Ga., Mar-

ion O. Gordon, Asst. Atty. Gen., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Pursuant to Rule 18 of the Rules of the Court, this case, a pro se appeal from the denial of mandamus in the district court, has been placed on the summary calendar for disposition without oral argument.[1] Because of the decision by the Supreme Court of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) the opinion of this court, rendered January 23, 1969, is withdrawn and this opinion substituted therefor.

Appellant is serving a twenty year sentence in the Florida penitentiary.[2] He was indicted by the state of Georgia on February 26, 1965 on three counts of robbery. He contends that his right to a speedy trial as guaranteed by the Sixth Amendment has been violated by Georgia's failure to prosecute him and its placing a detainer on him for the purpose of securing custody of him and trying him at the conclusion of his Florida sentence. Although he characterizes this case as a "Petition for writ of Prohibition,"[3] he invokes the habeas corpus statutes, 28 U.S.C.A. §§ 2241, 2242, 2254 as authority for the action, and we treat the action as an application for habeas corpus.

The district court denied relief July 22, 1968 on the ground that "the United States has no authority and no power to compel a state to prosecute, nor can a United States court compel a state to invoke comity for the surrender of a party to its custody for the purpose of a trial on a state charge." In Smith v. Hooey, *supra,* the Supreme Court held that a state, when confronted with a demand for trial by a person incarcerated by another sovereign, has "a constitutional duty to make a diligent, good-faith effort to bring him before the [proper state] court for trial." 393 U.S. at 383, 89 S.Ct. at 579, 21 L.Ed.2d at 614. In deciding that this duty exists, the Supreme Court specifically rejected the power concept relied on by the district court in this case.

*Hooey* controls our decision.[4] There is a duty on the State of Georgia to make "a diligent, good-faith effort" to bring appellant before the appropriate state court for trial, provided he has made a sufficient demand within the meaning of *Hooey* for a trial. Appellant apparently wrote various Georgia officials concerning different aspects of his case, but no copies of these inquiries are in the record. On this incomplete record, we cannot determine whether sufficient demand as contemplated in *Hooey* has been made.

The judgment of the district court is therefore vacated and the case is remanded for a determination of whether appellant made a sufficient demand on Georgia for a trial. Cappetta v. Wainwright, 5 Cir., 406 F.2d 1238 [Feb. 3, 1969]; *see also* Triplett v. Floyd Circuit Court, 393 U.S. 533, 89 S.Ct. 880, 21 L.Ed.2d 756 (U.S. Feb. 24, 1969); Meeks v. Flourney, 393 U.S. 531, 89 S.Ct. 881, 21 L.Ed.2d 756 (U.S. Feb. 24, 1969); Duncan v. Indiana, 393 U.S. 533, 89 S.Ct. 881, 21 L.Ed.2d 757 (U.S. Feb. 24, 1969); McCrory v. Mississippi, 393 U.S. 532, 89 S.Ct. 881, 21 L.Ed.2d 757 (U.S. Feb. 24,

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. For a general discussion of the need for and propriety of summary review of certain appeals, *see* Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158 [Jan. 2, 1969].

2. Appellant began serving his Florida sentence in July, 1962. In November, 1964

he escaped from the Florida prison and was not recaptured until March, 1965. From March, 1965 to December, 1965 he was in federal prison in Indiana.

3. Treated as an application for mandamus by the district court.

4. The fact that Hooey was in a federal instead of a state penitentiary has no effect on our holding.

1969). If the district court determines that sufficient demand was made, then the writ should be granted subject to the right of Georgia to attempt to obtain appellant for trial on the outstanding robbery indictment within a reasonable time.[5] If the court concludes that no demand was made, appellant's application should be dismissed, without prejudice to appellant to make the appropriate demand on State officials.

Nothing said herein precludes appellant from attempting to show at a state trial on these charges that he has been prejudiced by the state's delay. But we do not in any way suggest how such issue, if raised, should be resolved, leaving that to the state trial judge for determination.

Remanded to the district court for further proceedings consistent with this opinion.

---

5. *See* Harlan, J. concurring in *Hooey*, 393 U.S. at 383, 89 S.Ct. at 580, 21 L.Ed.2d at 614.

Should Florida refuse to deliver appellant to the Georgia authorities for trial the federal courts would be open to test the rightfulness of such action since it would tend to interfere with appellant's Sixth Amendment rights.