**Benjamin Waddell GARRETT, Petitioner,**

v.

**Glenn O. WOMBLE, Sheriff, Nash County, North Carolina, Respondent.**

**Civ. No. 2174.**

United States District Court
E. D. North Carolina,
Raleigh Division.

May 5, 1969.

Benjamin W. Garrett, per se.

Robert A. Morgan, North Carolina, Atty. Gen., Raleigh, N. C., for respondent.

## ORDER

BUTLER, Chief Judge.

This is an application for writ of habeas corpus by Benjamin Waddell Garrett, a Virginia state prisoner, who contends that failure of the State of North Carolina to afford him a speedy trial violates his constitutional rights under the Sixth Amendment, and that detainers lodged against him by authorities of the State of North Carolina unconstitutionally restrain his liberty.

From the verified application of petitioner, and answer of respondent, it appears that petitioner is currently confined in the Virginia State Penitentiary at Richmond, having been convicted of robbery in the Circuit Court of the City of Suffolk, Virginia, and sentenced to prison for a term of twenty-five years on April 30, 1960, which sentence commenced on January 26, 1960, and, as presently computed, stands to expire November 30, 1979; that on or about January 25, 1960, petitioner escaped from Nash County, North Carolina, Prison Unit No. 044 while serving a sentence of not less than three years nor more than five years for forgery; that indictments were returned by the Nash County Grand Jury charging petitioner with the following offenses alleged to have occurred on January 25, 1960: escape, robbery with firearms, common law robbery, and kidnapping; that the North Carolina Prison Department filed a detainer with the prison authorities of the State of Virginia seeking custody of petitioner to complete service of his sentence; that thereafter on February 29, 1960, Nash County filed detainers with the State of Virginia seeking custody of petitioner relating to the pending charges in that county.

Petitioner alleges that in spite of "numerous good faith applications * * * demanding speedy trial or dismissal of

charges alleged in the aforesaid warrants * * * this right has been consistently denied * * * notwithstanding the existence of statutory authority of Virginia providing for temporary custody of prisoners in such cases by demanding states."

■ In the cases of Word v. North Carolina (No. 10,765; Matthews v. Womble (No. 11,487) and Williams v. North Carolina (No. 11,770) (4 Cir., January 15, 1969) 406 F.2d 352, the court held that "federal habeas corpus provides a present remedy for a state prisoner seeking to attack, on constitutional grounds, a conviction in another state which underlies a detainer filed with his keeper," and that "the action is properly brought in a district court in the demanding state." By analogy, it appears that after exhaustion of available state remedies, federal habeas is a proper remedy for one seeking to attack, on constitutional grounds a detainer based upon a pending indictment.

In Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (Jan. 21, 1969), the Supreme Court of the United States reiterated that the 14th Amendment made applicable to the states the Sixth Amendment guarantee of a speedy trial, citing Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 4 (1967) and held that the State of Texas had a duty to make a diligent and good faith effort to bring to trial a federal prisoner against whom it maintained for some six years a detainer based upon an indictment. The Court said: "this constitutional guarantee has universally been thought essential to protect at least three basic demands of criminal justice in the Anglo-American legal system: [1] To prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation, and [3] to limit the possibilities that long delay will impair the ability of the accused to defend himself. * * * These demands are both aggravated and compounded in the case of an accused who is imprisoned in another jurisdiction."

■ It would appear that the State of North Carolina has a similar duty in regard to petitioner. Some eight years have elapsed since these detainers were lodged against petitioner, and it does not appear that the State has made any effort to secure the person of petitioner for trial of the offenses charged in the four indictments, even though Virginia apparently makes provision in its general laws for the granting of temporary custody of its prisoners to duly authorized officers of any state for the purpose of standing trial in demanding jurisdictions. (Va. Code of 1950 as amended, Title 53 §§ 301–303.)

Petitioner must first seek the aid of the courts of North Carolina to secure either a speedy trial, dismissal of the criminal proceedings or other appropriate relief before this court can properly entertain his application. Williams v. North Carolina, 406 F.2d 352 (No. 11,-770) (4 Cir., January 15, 1969). Now, therefore,

It is ordered that the petitioner is allowed ninety days from the date of service of this order within which to institute an appropriate proceeding in the courts of North Carolina for the relief sought, and upon failure of the petitioner to do so within the time specified, the court will entertain a motion by the respondent to dismiss this proceeding.

It is further ordered that if petitioner institutes a proceeding in the courts of North Carolina within the time specified, the State of North Carolina shall adjudicate petitioner's claims within a reasonable time.

It is further ordered that the State of North Carolina file a timely certificate with the Clerk of this court stating the disposition of such proceeding.

And this cause is retained.