Michael Glen KANE, Appellant,

v.

STATE OF VIRGINIA, Appellee.

Dale H. SUTHERLAND, Appellant,

v.

STATE OF MARYLAND et al.,
Appellees.

Clifford E. PERRY, Appellant,

v.

SIXTH JUDICIAL CIRCUIT OF MARY-
LAND, MONTGOMERY COUNTY,
Maryland and Circuit Court for Pinellas
County, Florida, Appellees.

Nos. 13018, 13240 and 13427.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1969.

Decided Jan. 19, 1970.

James P. Jones, Abingdon, Va. (court-assigned counsel) (Penn, Stuart & Miller, Abingdon, Va., on brief), for appellants.

W. Luke Witt, Asst. Atty. Gen. of Virginia, for appellee State of Virginia.

Alfred J. O'Ferrall, III, Asst. Atty. Gen. of Maryland (Francis B. Burch, Atty. Gen. of Maryland, on brief), for

appellees State of Maryland, Sixth Judicial Circuit of Maryland and others.

Before WINTER and BUTZNER, Circuit Judges, and WIDENER, District Judge.

BUTZNER, Circuit Judge:

In these consolidated appeals, federal and Virginia prisoners, claiming denial of the right to speedy trials, seek writs of habeas corpus to bar prosecutions evidenced by detainers lodged against them by other states. We hold that after a prisoner has exhausted available state remedies, he may be afforded this relief.

## I.

Michael G. Kane, a prisoner serving a five-year sentence at the federal penitentiary, in Marion, Illinois, alleges the following facts: On October 13, 1966, a police officer of the City of Newport News, Virginia, filed a detainer at the federal prison charging Kane with grand larceny by check. Between April and December 1967, Kane wrote the officer three times requesting a speedy trial and withdrawal of the detainer. He received no reply.

Kane then turned to the Virginia courts for relief. On April 2, 1968, he filed a "Motion for a Quick and Speedy Trial" in the state trial court asking that he be returned immediately to Newport News for trial. He received no answer to this motion. On June 28, 1968, he petitioned the Supreme Court of Appeals of Virginia for dismissal of the charge against him and removal of the detainer on the ground that he had been denied a speedy trial. On October 16, 1968, the Court summarily denied relief because Kane's motion did not present a justiciable issue.

Meanwhile, on September 17, 1968, Kane wrote to the Governor of Virginia. He related his efforts to obtain a speedy trial and stated that his detainer disqualified him from participation in a study release program. The letter was forwarded to the Newport News prosecutor, who, on September 30, 1968, wrote Kane stating that he would not authorize withdrawal of the detainer and that "it is the intention of the authorities of this city to prosecute you on the charge as soon as you are available to be taken into our custody free of federal charges."

Kane then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia, which denied his application on October 30, 1968.

Dale H. Sutherland is a federal prisoner in the District of Columbia Penitentiary at Lorton, Virginia. Early in 1966, officers of Anne Arundel County, Maryland, filed a detainer against him based on an indictment for storehouse breaking. Since 1966, Sutherland has mailed various papers to the Circuit Court of Anne Arundel County including requests for discovery, a speedy trial, and a writ of habeas corpus to obtain dismissal of the charges. In June 1966, the judge informed Sutherland that these motions and petitions cannot be heard until he is returned to Anne Arundel County.

Sutherland then sought dismissal of the charges in the United States District Courts for the District of Maryland and the Eastern District of Virginia. Both denied relief, and Sutherland has appealed from the judgment entered in the Eastern District of Virginia.

Clifford E. Perry, a Virginia prisoner, complains of detainers filed by authorities in Maryland and Florida. He alleges the following facts concerning the Maryland detainer: In February of 1966, Montgomery County police filed a detainer against him for housebreaking and larceny. In April 1967, Perry requested a speedy trial, but an administrative assistant of the trial court informed him that he would have to arrange for his own transportation from the Virginia prison to Maryland.

Concerning the Florida charge, Perry alleges that in 1966, officers of Pinellas County filed a detainer for automobile larceny against him. He petitioned the Circuit Court of Pinellas County for dismissal of the charge, and on Decem-

ber 9, 1966, the court denied his motion on the ground that he had never filed a demand for a speedy trial.

In March 1969, Perry sought dismissal of the detainers in the United States District Court for the Western District of Virginia. The court recognized that it could transfer the petition to federal courts in Florida and Maryland, but decided that it was preferable to dismiss it.

## II.

In Klopfer v. North Carolina, 386 U.S. 213, 226, 87 S.Ct. 988, 995, 18 L.Ed.2d 1 (1967), the Court described the right to a speedy trial secured by the Sixth Amendment[1] as "one of the most basic rights preserved by our Constitution," and held that through the Fourteenth Amendment it was applicable to the states. *Klopfer* was soon followed by Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), in which the Court held that upon the demand of a prisoner confined in another jurisdiction a state has "a constitutional duty to make a diligent, good-faith effort to bring him" to trial. [393 U.S. at 383, 89 S.Ct. at 579]. *Smith* put to rest a frequently criticized but widely held view that a state bringing charges against a prisoner confined by another state or the federal government need make no effort to prosecute him until he is released from custody.[2] In reaching its conclusion, the Court noted that each of the fifty states guarantees the right to a speedy trial, and it reiterated "that this constitutional guarantee has universally been thought essential to protect at least three basic

demands of criminal justice in the Anglo-American legal system: '[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilities that long delay will impair the ability of an accused to defend himself.' " [393 U.S. at 377, 89 S.Ct. at 577]. To these may be added the likelihood that the prosecutor's delay will thwart the public's interest in the prompt ascertainment and punishment of the guilty. See Peyton v. Rowe, 391 U.S. 54, 62, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

Since *Smith* was decided on direct appeal from the Supreme Court of Texas, the Court had no occasion to discuss application of its principles to federal habeas corpus. Thus the question of whether a prisoner who has exhausted state remedies can assert his Sixth Amendment rights to bar pending state prosecutions or whether he must await his state court trial to present this defense was neither presented nor answered.

There can be no doubt that the writ may be issued by federal courts to release a prisoner who has been convicted in violation of his right to a speedy trial, even though the delay resulted from his detention in another state. Pitts v. North Carolina, 395 F.2d 182 (4th Cir. 1968); Luckman v. Burke, 299 F.Supp. 488, 493 (E.D.Wis.1969). And in May v. Georgia, 409 F.2d 203 (5th Cir. 1969), the Fifth Circuit significantly extended the use of the writ by applying *Smith's*

1. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." U.S.Const. Amend. VI.

2. Even before the Supreme Court spoke, a number of well-considered state court opinions implemented state constitutional and statutory provisions by absolutely or conditionally prohibiting prosecutions, or by reversing convictions, when trials were delayed because the defendants were confined in other jurisdictions. E. g., Barker v. Municipal Court of Salinas

Jud. Dist., 64 Cal.2d 806, 51 Cal.Rptr. 921, 415 P.2d 809 (1966) (absolute bar); Commonwealth v. McGrath, 348 Mass. 748, 205 N.E.2d 710 (1965) (conditional bar); People v. Bryarly, 23 Ill.2d 313, 178 N.E.2d 326 (1961) (reversal). Contra, Ruip v. Knight, 385 S.W.2d 170 (Ky.1964). See Note, "Effective Guaranty of a Speedy Trial for Convicts in Other Jurisdictions," 77 Yale L.J. 767, 771 (1968); Note, "The Lagging Right to a Speedy Trial," 51 Va.L.Rev. 1587, 1606 (1965).

principles to a prisoner who had not yet been tried. There a Florida prisoner complained that despite his demands, Georgia had not brought him to trial upon an indictment on which a detainer had been filed. The court held that if the prisoner had made sufficient demands for trial, the writ should issue subject to the right of Georgia to attempt to obtain the prisoner from Florida. The court noted that if Florida declined to deliver the prisoner, its refusal could be tested in federal court because "it would tend to interfere with [the prisoner's] Sixth Amendment rights." [409 F.2d at 205 n. 5].

Here, unlike the possibility that confronted Georgia, there is no doubt that Virginia could have obtained Kane, and Maryland could have obtained Sutherland for trial. Both are federal prisoners, and it is the policy of the Bureau of Prisons to comply with a writ of habeas corpus ad prosequendum issued by a state court. Moreover, the Bureau encourages "the expeditious disposition of prosecutions in state courts against federal prisoners." Smith v. Hooey, 393 U.S. 374, 381 & n. 13, 89 S.Ct. 575, 578, 21 L.Ed.2d 607 (1969). Cf. Rees v. Commonwealth, 203 Va. 850, 127 S.E.2d 406, 410 (1962), cert. denied, 372 U.S. 964, 83 S.Ct. 1088, 10 L.Ed.2d 128 (1963). And there can be little doubt that Maryland and Florida could have obtained Perry from Virginia. Temporary release of a Virginia prisoner to another state for trial is expressly authorized by Va. Code Ann. § 53–303 (1967). None of the delays in these cases resulted from inability of the prosecuting states to obtain the prisoners for trial. On the contrary, the prosecutors, after demand, did not make a diligent effort to obtain the prisoners as required by *Smith.*

Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), and Word v. North Carolina, 406 F.2d 352 (4th Cir. 1969), are persuasive authority for holding that a federal remedy is presently available. In *Peyton,* prisoners attacked future sentences which were consecutive to the sentences they were then serving. Overruling McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), the Supreme Court held that for the purposes of federal habeas corpus, the prisoners were in custody under both the present and future sentences. Consequently, the prisoners could attack the constitutionality of their future sentences without awaiting the expiration of their present sentences.

In *Word,* Virginia prisoners complained of North Carolina detainers based on convictions in that state. They claimed that the North Carolina convictions were invalid on constitutional grounds. We held that although the sentences to be served in the future were imposed by another state, the reasoning of *Peyton* was controlling. For the purposes of habeas corpus, the petitioners were in custody under the North Carolina detainers as well as under the Virginia sentences which they were then serving, and, therefore, habeas corpus was presently available to challenge the convictions underlying the detainers. Similarly, the prisoners here are held under both their present sentences and the detainers for their future trials. Cf. May v. Georgia, 409 F.2d 203 (5th Cir. 1969) (by implication).

Although federal habeas corpus relief is not ordinarily available to a state prisoner before trial, the peculiar nature of the right to a speedy trial requires an exception to this rule. The detrimental consequences of delay have been repeatedly catalogued. See, e. g., Smith v. Hooey, 393 U.S. 374, 378, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Peyton v. Rowe, 391 U.S. 54, 62, 88 S.Ct. 1549 (1968); Word v. North Carolina, 406 F.2d 352, 354 (4th Cir. 1969); Pitts v. North Carolina, 395 F.2d 182, 187 (4th Cir. 1968). Denial of a speedy trial adversely affects both the prisoner's present circumstances and his ability to defend himself in the future. Only a present remedy can lift its dual oppressions. Cf.

Garrett v. Womble, 299 F.Supp. 223 (E.D.N.C.1969).[3]

The American Bar Association's Standards Relating to Speedy Trial recommend that "the consequence of denial of a speedy trial should be outright dismissal [as] this is the only effective way to enforce the speedy trial guarantee." The Standards prescribe that dismissal should take the form of an absolute discharge that will forever bar prosecution for the offense.[4] This, too, is the remedy provided in the Interstate Agreement on Detainers,[5] by statute in a number of states,[6] and by well-considered cases.[7]

We believe this salutary rule should be applied in federal habeas corpus proceedings when the proof shows (1) that the prisoner demanded a speedy trial,[8] (2) that the state nevertheless failed to make a diligent effort to obtain him for trial, and (3) that he has exhausted his state remedies as required by 28 U.S.C. § 2254 by seeking dismissal of the charges against him because of unconstitutional delay. If the prisoner, having satisfied these preliminary requirements, then prevails upon the merits of his claimed denial of a speedy trial, the district court should discharge him from custody under the detainer and bar prosecution of the charges for which it was filed.

## III.

We turn now to the application of these principles to the cases before us. Kane moved the Virginia trial court to require the prosecutor to file a writ of habeas corpus ad prosequendum so that he could be brought to trial or to dismiss the charges. When no action was taken on this motion, he unsuccessfully sought dismissal of the charges in the Supreme Court of Appeals of Virginia. Kane has exhausted his state remedies, and accordingly he may seek relief in a federal court. 28 U.S.C. § 2254. The district court, however, dismissed Kane's petition without reaching the merits of his claim. Therefore, his case will be remanded for further proceedings consistent with this opinion.

Sutherland failed to exhaust his state remedies, as required by 28 U.S.C. § 2254. Because of this omission, we ordinarily would deny relief. However,

3. In Garrett v. Womble, 299 F.Supp. 223 (E.D.N.C.1969), the court, relying on *Word*, held that federal habeas corpus provides a present remedy for one seeking to attack a detainer based on a pending indictment, provided that available state remedies are exhausted. See Smith, "Federal Habeas Corpus: State Prisoners and the Concept of Custody," 4 U. Richmond L.Rev. 1, 47 n. 222 (1969).

4. ABA Standards Relating to Speedy Trial 3 and 40 (Approved Draft, 1968).

5. *Interstate Agreement on Detainers*, art. V(c). Twenty states have adopted the Agreement. See Note, "Effective Guaranty of a Speedy Trial for Convicts in Other Jurisdictions," 77 Yale L.J. 767, 774 (1968). In this circuit, Maryland, North Carolina, and South Carolina are parties to the Agreement. Md.Ann.Code art. 27, §§ 616A–616R (1967); N.C.Gen. Stat. §§ 148–89 to –95 (Supp.1967); S.C.Code Ann. §§ 17–221 to –228 (Supp. 1968). The text of the Agreement may be found in ABA Standards Relating to Speedy Trial 50 (Approved Draft, 1968).

6. E. g., Va.Code Ann. § 19.1–191 (1960); see Annot., 50 A.L.R.2d 943 (1956).

7. E. g., *Petition of Provoo*, 17 F.R.D. 183 (D.Md.), aff'd mem., 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955); Barker v. Municipal Court of Salinas Jud. Dist., 64 Cal.2d 806, 51 Cal.Rptr. 921, 415 P.2d 809 (1966); see Note, "The Right to a Speedy Criminal Trial," 57 Colum.L.Rev. 846, 866 (1957).

8. All of the petitioners (except Perry, who apparently made no demand in Florida) demanded a speedy trial. Therefore, we do not consider whether relief would be appropriate in the absence of such a demand. See ABA Standards Relating to Speedy Trial 16–18, 32–38 (Approved Draft, 1968); Note, "Effective Guaranty of a Speedy Trial for Convicts in Other Jurisdictions," 77 Yale L.J. 767, 779 (1968); Note, "The Lagging Right to a Speedy Trial," 51 Va.L.Rev. 1587, 1601 (1965).

the Assistant Attorney General of Maryland told us in oral argument that while the state had not formally withdrawn the detainer, it does not intend to prosecute Sutherland on the charges for which it was filed. For this reason, the state does not raise any question of venue or insist upon further proceedings in its courts. The decision not to prosecute, we understand, complies with the legislative mandate, expressed in the Interstate Agreement on Detainers, for the orderly and expeditious disposition of charges on which detainers have been filed.[9] The Agreement provides, with exceptions not pertinent here, that prosecution shall be barred if a prisoner is not tried on charges evidenced by a detainer within 180 days after the prisoner has demanded a trial. Md.Ann.Code art. 27, §§ 616D(d), 616F(c) (1967). The Agreement also obliges the state which has jailed the prisoner to release him temporarily for trial in the state that has filed the detainer. Md.Ann.Code art. 27, § 616F(a) (1967). While the United States has not enacted the Agreement, it makes its prisoners available for trial on substantially the same terms. See Smith v. Hooey, 393 U.S. 374, 380-81 & n. 13, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). Commendably, Maryland has not suggested that the United States' lack of formal adoption of the Agreement prevents its application in Sutherland's case.[10]

Nevertheless, the detainer remains on file against Sutherland at his federal prison. Therefore, the judgment of the district court dismissing Sutherland's petition is vacated, and this case is remanded for entry of an order directing the Warden of Lorton Reformatory to give no effect to the detainer. Word v. North Carolina, 406 F.2d 352, 357 n. 6 (4th Cir. 1969).

We affirm the dismissal of Perry's petition. Although he sought relief in state trial courts, he failed to exhaust his state remedies either in Florida or in Maryland by seeking appellate review.[11]

No. 13018 (Kane) and No. 13240 (Sutherland) are vacated and remanded for proceedings consistent with this opinion.

No. 13427 (Perry) is affirmed.

---

9. Article I of the Agreement [Md.Ann. Code art. 27, § 616B (1967)] provides: "The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures."

10. In similar vein, the Attorney General of South Carolina has applied the policy of the Interstate Agreement on Detainers to all states regardless of whether they have adopted the Agreement. If a state which has filed a detainer against a South Carolina prisoner does not attempt to obtain the prisoner for trial within 180 days after his request, the jailer must strike the detainer from the prisoner's records and return it to the sender. Mem. Att'y Gen., March 6, 1968.

11. Pending this appeal, Maryland withdrew its detainer against Perry.