Eugene **WILLIAMS**, Petitioner,

v.

**COMMONWEALTH of PENNSYL-
VANIA**, Respondent.

**Civ. A. No. 18338-3.**

United States District Court,
W. D. Missouri, W. D.

May 13, 1970.

**1262**

WILLIAM H. BECKER, Chief Judge.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, petitions this Court for a writ of federal habeas corpus directing the respondent to dismiss a charge which it has pending against him and vacate the warrant for his arrest and demand for the production of his person which it has filed with the United States Department of Justice. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that "on or about October 5, 1968," he was charged with issuing a worthless check in a Justice of the Peace Court in Temple, Pennsylvania; that he has never "been tried on that charge, and to the best of my knowledge and belief no date has been set for trial"; that subsequently he was convicted on "another charge" in the United States District Court for the Southern District of Iowa and was sentenced on that conviction on November 28, 1969, to a term of three years' imprisonment; that the Commonwealth of Pennsylvania has issued a warrant for his arrest and further "has lodged, with the United States Department of Justice, Bureau of Prisons, a warrant or detainer demanding that I be delivered into the custody of the Commonwealth of Pennsylvania for the execution of the aforesaid warrant of arrest"; that "[s]aid detainer is adversely affecting my eligibility for release from Federal custody and is prejudicing me in other respects relevant to the conditions of my Federal confinement"; that on February 5, 1970, petitioner filed a motion to dismiss or for a speedy trial in the Justice of the Peace Court in Temple, Pennsylvania; and that such motion is still pending.

Petitioner contends that his right to a speedy trial has been denied as guaranteed by the Sixth Amendment to the United States Constitution and the rule of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. Further, petitioner contends that federal habeas corpus is a proper remedy in this instance citing Smith v. Hooey, *supra;* Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426; Word v. North Carolina (C.A.4) 406 F.2d 352, 354; Pitts v. North Carolina (C.A.4) 395 F.2d 182; and Kane v. Virginia (C.A.4) 419 F.2d 1369. Petitioner quotes the *Kane* case to the following effect:

"We believe this salutary rule [of enforcing a right to a speedy trial prior to trial on state charges] should be applied in federal habeas corpus proceedings when the proof shows (1) that the prisoner demanded a speedy trial, (2) that the state nevertheless failed to make a diligent effort to obtain him for trial, and (3) that he has exhausted his state remedies as required by 28 U.S.C. § 2254 by seeking dismissal of the charges against him because of the unconstitutional delay. If the prisoner, having satisfied these preliminary requirements, then prevails on the merits of his claimed denial of a speedy trial, the district court should discharge him from custody under the detainer and bar prosecution of the charge for which it was filed." 419 F.2d at 1373.

In *Kane,* however, as the quoted passage indicates, the doctrine of need for exhaustion of state remedies was recognized. Further, assuming that federal habeas corpus is the correct remedy to enforce petitioner's right to a speedy trial ultimately, this Court is not the correct one in which to petition initially for such relief. Under the provisions of Section 2241(a), Title 28, United States Code, this Court may issue writs of habeas corpus "within [its] * * * jurisdiction * * *." This Court has no power, in the absence of exceptional circumstances not stated to be present here, to enforce any writ of

habeas corpus against the Commonwealth of Pennsylvania, which is without the territorial jurisdiction of this Court. In *Kane,* the district court's dismissal of the petition of the petitioner Perry, who attacked in the United States District Court for the Western District of Virginia the "detainers" of the states of Maryland and Florida, was upheld on the exhaustion principle. Although relief from a Maryland detainer was granted to the petitioner Sutherland by ordering the Virginia district court to require the Warden of the Virginia penitentiary in Lorton, Virginia, to give no effect to the detainer, this was done in the presence of the following exceptional circumstances recited by the opinion in *Kane:*

"Sutherland failed to exhaust his state remedies, as required by 28 U.S.C. § 2254. Because of the omission, we ordinarily would deny relief. However, the Assistant Attorney General of Maryland told us in oral argument that while the state had not formally withdrawn the detainer, it does not intend to prosecute Sutherland on the charges for which it was filed. For this reason, *the state does not raise any question of venue* or insist upon further proceedings in its courts." 419 F.2d at 1374. (Emphasis added.)

Further, the case relied upon by the court in *Kane* in giving relief to the petitioner Sutherland, Word v. North Carolina, *supra,* has expressly held that, upon the exhaustion of state remedies, the federal petition for habeas corpus challenging the validity of a state detainer should preferably be brought in the federal district court in the demanding state. See 406 F.2d at 355-356. Some cases prior to Peyton v. Rowe, supra, speculated in dicta that "detainers" placed against state prisoners by the federal government (or against federal prisoners by a state) might be attacked as a condition of confinement by a petition for habeas corpus or other extraordinary process. See, e. g. Blake v. Florida (S.D.Fla.) 272 F.Supp. 557. The possible implication of that specula-

tion is that the detainer could be attacked in the courts sitting in the state wherein the petitioner was confined, rather than in the demanding state. But Peyton v. Rowe, *supra,* determined that the preferred method of attack is in the court where the conviction providing the basis of the "detainer" has been obtained. As explained in Word v. North Carolina, *supra,* this conclusion was a "logical extension" of the *Peyton* holding:

"Now it appears, as a logical extension of Peyton v. Rowe, that when a prisoner is in custody under a detainer, there is opened another divergence between the district of confinement and a district within the sentencing state. Should we hold that the writ must be sought in the district of confinement we would be met with all of the practical problems and difficulties which § 2255 solved or avoided with respect to postconviction review of federal sentences, save only the problem of concentration of cases in districts in which federal penal institutions are located. The record of the state trial will be readily available in the sentencing state; it may not be elsewhere. If an evidentiary hearing is necessary, the state trial judge, the prosecuting attorney, defense counsel and other witnesses will generally be available in the sentencing state; it may be a practical impossibility to produce them in the state of detention." 406 F.2d at 356.

The *Word* case dealt with a conviction which supplied the basis of a detainer, rather than a pending charge. But the reasoning of the *Word* case applies equally well to the problem of the detainer based upon the pending charge. Further, the *Word* case noted that issuing the writ of habeas corpus in the state of detention faced the "grave jurisdictional hurdle" of Section 2241(a), *supra,* which might be avoided if the demanding state's Attorney General "voluntarily submitted to the jurisdiction of the district court in Virginia," as he did in *Kane.* In the *Word* case, a further

factor making the federal court in the demanding state the preferable forum, was that state remedies must be exhausted in the demanding state, "not in the courts of that state in which he is now physically present." 406 F.2d at 356. It is well settled that in cases involving detainers based on pending charges, the proper state remedies are in the state courts in which the detainer charge is pending. Vaughn v. Missouri (W.D.Mo.) 265 F.Supp. 933. Further, in this case, the petitioner seeks more than the mere order directing the Director of the Medical Center to disregard the detainer. He seeks the dismissal of the charge with prejudice and the vacation of the warrant for his arrest based thereon. Such squarely meets the "jurisdiction hurdle" of Section 2241(a) described in Word v. North Carolina, *supra.* Therefore, when petitioner's state remedies in the courts of Pennsylvania are exhausted within the meaning of § 2254, Title 28, United States Code, he should then petition for habeas corpus in the United States District Court for the Eastern District of Pennsylvania.

■ It is unlikely, however, that petitioner's state remedies have been exhausted by virtue of the long pendency of his motion to dismiss in the Justice Court in which he has been charged. State remedies are not exhausted under Section 2254, Title 28, U.S.C., so long as the question may be presented to the state courts by "any available procedure." See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. Relief may be available in the Supreme Court of Pennsylvania to compel the action of the state trial court on petitioner's motion to dismiss or for a speedy trial. To the end of facilitating such petitions for relief by Medical Center prisoners in state supreme courts, this Court has developed a form for such a petition, one of which will be sent to petitioner with his copy of this order.

For the foregoing reasons, it is

Ordered that the petitioner be, and he is hereby granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.[1]

1. After the entry of this order, Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578, and Brown v. Arkansas (C.A.8) 426 F.2d 677, were published. Nelson v. George, *supra*, was decided on June 29, 1970. Therein the United States Supreme Court held that a California state prisoner challenging a North Carolina detainer should exhaust state remedies in the courts of California and that the federal district court of that state should "retain jurisdiction of the petition for habeas corpus relief pending petitioner's further application to the California courts for whatever relief, if any, may be available and appropriate if he establishes his claim that North Carolina's detainer interferes with relief [such as parole considerations] which might, in the absence of the detainer, be granted by California." 399 U.S. at 229, 90 S.Ct. at 1967, 26 L.Ed.2d at 583. The case dealt with in this opinion was different from *Nelson* because in this case Williams did not request any relief relating to conditions of his confinement, but rather specifically requested the type of relief which could only be accorded in the district wherein the charge is pending —the dismissal of the charge, vacation of the warrant for arrest and vacation of the demand for production of his person filed with the Department of Justice.

Brown v. Arkansas, *supra*, was decided one day prior to the issuance of the opinion in this cause but the slip opinion in that case was not received until May 18, 1970, five days later. In that case, it was held that a federal district court sitting in Arkansas did not have personal jurisdiction of a petitioner seeking to challenge an Arkansas conviction enhancing a sentence currently being served under a Texas conviction. The Court concluded that, "[w]hile we are generally persuaded by the reasoning in *Word*," (426 F.2d 678) it would not be applied in that case because "Brown does not allege that he is in any way subject to present or future detention by Arkansas authorities." Again, however, the case differs from this case, in which Williams is the subject of a Pennsylvania detainer. Attention is also invited to the fact that, in *Brown*, the petitioner had already served his Arkansas sentence.