**Raymond LYNN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 19102–3.**

United States District Court, W. D. Missouri, W. D.

March 19, 1971.

Raymond Lynn, petitioner, pro se.

No appearance required of respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, has submitted a "petition for writ of mandamus pursuant to Title 28 U.S.C.A. 1361 Sixth and Fourteenth Amendment United States Constitution," specifically placing venue of the action in the Southern Division of this District. The Clerk has treated the petition as one for habeas corpus and assigned it a Western Division number. Petitioner also requests leave to proceed in forma pauperis. Although the petition is not on the forms required by Local Rule 22, petitioner will be granted leave to proceed in forma pauperis to save time and unproductive effort.

Petitioner states the following as grounds for relief:

"Petitioner [is] presently confined at the U.S. Medical Center for Federal Prisoners, Springfield, Missouri, under sentence . . . imposed by the Honorable Judge Lee, United States District Court, Tampa, Florida, four (4) years.

"Petitioner while confined at the United States Penitentiary, Atlanta, Georgia, while working on an outside detail walked off from the detail, upon the petitioner's capture, he was readmitted to the U.S. Penitentiary Atlanta, Georgia, and placed in solitary confinement and 156 days good time taken from your herein petitioner for escape.

"The petitioner was then indicted by a Federal Grand Jury in Atlanta, Georgia, in the month of June 1970 for escape from the federal penitentiary, Atlanta, Georgia.

\* \* \* \* \* \*

"Petitioner alledges (sic) that he was indicted for escape some 9 months ago, and that the United States Attorney, Atlanta, Georgia, knew the whereabouts of the petitioner, and failed to bring the petitioner to trial.

"The petitioner was not afforded a fair, speedy and public trial, as guaranteed, under the constitutional laws of the United States, under the Sixth and Fourteenth Amendments to the United States Constitution . . . . "

■■■ Under the rule of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, an accused is entitled, upon his demand therefor, to a speedy trial even though he may be imprisoned in another jurisdiction or another district than that where the charges are pending against him. See also Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627. In the absence of exceptional circumstances not present in this case, the right must be demanded in the court in which the charge is pending or it can be waived. Brooks v. United States (C.A. 8) 423 F.2d 1149; Hodges v. United States (C.A.8) 408 F.2d 543; Mack v. United States (C.A.8) 326 F.2d 481, cert. denied 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309. In United States v. Aberson (C.A.2) 419 F.2d 820, the "demand" rule of United States v. Lustman (C.A.2) 258 F.2d 475, 478, cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109, was reaffirmed in a post-Smith v. Hooey decision.[1] This rule was followed in Mack v. United States, *supra*. Petitioner in the case at bar has not stated that he has made any demand for a speedy trial in the court where the charge of escape is pending against him. Therefore, the petition herein for habeas corpus should be dismissed without prejudice to his doing so. Without an allegation that he has demanded and been refused a speedy trial by the trial court, petitioner does not state any denial of his right to a speedy trial within the cognizance of this Court.

Because petitioner has not yet demanded a speedy trial in the federal trial court, the problem of Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578, is not encountered. In that case, it was held that a California state prisoner who was subject to a detainer warrant based upon a North Carolina *conviction* could bring habeas corpus in the district of his confinement in an attempt to compel his custodian to ignore the effects of the detainer if the courts of the district of confinement deemed the North Carolina conviction to be unlawful. Similarly, in Kane v. Virginia (C.A.4) 419 F.2d 1369, 1373, relief in the district of imprisonment was conditioned upon a showing "that the prisoner demanded a speedy trial" and that the charging sovereign "nevertheless failed to make a diligent effort to obtain him for trial." It may be that petitioner, if he demands a speedy trial in the federal trial court and is refused or is not accorded justice or due process of law, may then seek relief in habeas corpus in this Court to compel the Director of the Medical Center not to honor any detainer which might be pending or other effects of the pending charge against him as they relate to the conditions of his confinement in the Medical Center. But petitioner should first be given the opportunity to prevent his rights from being deemed waived by making a demand in the trial court for a speedy trial. Meantime, the petition herein will be dismissed without prejudice. Petitioner may file a successive petition for habeas corpus if and when his demand for a speedy trial is denied by the trial court.

---

[1]. Neither was the requirement of a demand for a speedy trial abolished by the rule of Dickey v. Florida, 398 U.S. 30, 38, 90 S.Ct. 1564, 1569, 26 L.Ed.2d 26, 32, wherein it was found that the accused had exerted "every effort to require the State to try him." See also United States v. DeLeo (C.A.1) 422 F.2d 487, following the *Lustman* rule.

# 25

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.

