**Frank Jordan CRUMP, Jr.,
Petitioner,**

v.

**BEDFORD COUNTY CIRCUIT COURT,
BEDFORD, VIRGINIA, Respondent.**

**Civ. A. No. 73-C-42-L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

July 5, 1973.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court in the form of a "Motion for Release From Custody" filed *in forma pauperis* by Frank Crump, Jr., a state prisoner. The court will consider the motion a petition for a writ of habeas corpus, filed pursuant to the provisions of 28 U.S.C.A. § 2241. The petition was filed in the United States District Court for the Eastern District of Virginia, and by order dated May 21, 1973, was transferred to this court.

Petitioner, at the time of filing his petition, was being detained by the Circuit Court of Bedford County, awaiting trial for robbery, allegedly committed on November 13, 1972. Petitioner in his

motion complains of being deprived of his right to a speedy trial and states that no one shall be held in custody after a span of 180 days. Respondent in his answer states that petitioner is not being deprived of his right to a speedy trial and seeks dismissal of the petition.

■ This court notes that petitioner has not exhausted his available state court remedies since a motion for dismissal for lack of a speedy trial has not been presented to the Virginia state courts. Kane v. Virginia, 419 F.2d 1369 (4th Cir. 1970). Therefore, petitioner has failed to exhaust his available state remedies in compliance with the provisions of 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). Although the court dismisses this allegation for failure to exhaust state remedies, the court will consider whether or not the delay is unreasonable.

Exhibits filed with respondent's answer indicate the following: The crime out of which the charges are pending against the petitioner was committed on November 13, 1972 and petitioner was arrested on that date. On November 30, 1972, petitioner was ordered to be conveyed to Southwestern State Hospital for mental examination. Petitioner was found to be competent to stand trial and was ordered to be returned to the jurisdiction of the Bedford courts. A preliminary hearing was held on February 23, 1973, at which time the charge was certified to the grand jury. The grand jury returned an indictment on March 6, 1973, at which time the case was set for trial on May 4, 1973. On May 2, 1973, the case was continued on motion of defendant's counsel because of his illness.

■ The court notes that petitioner is also being held on charges pending in the Circuit Court of Radford. On November 14, 1972, petitioner was charged with the commission of armed robbery in Radford, Virginia. At this time, petitioner was in the custody of Bedford County authorities who advised the Radford Police Department that the petitioner would not be available until the charges pending against him in that jurisdiction had been concluded. In May 1973, the Radford authorities were advised that petitioner was available and a felony warrant was sent to Roanoke, Virginia, where it was personally served upon petitioner on May 26, 1973, and petitioner was bonded for his appearance in the Radford Municipal Court on June 11, 1973. When petitioner appeared before the Municipal Court of the City of Radford, he personally requested that the preliminary hearing be continued until July 5, 1973, in order that he would have ample time to properly prepare for trial. At the present time, the trial in Bedford County should have been completed and the trial in Radford should be coming up in July. The court will now consider whether a six or seven month delay is denial of the right to a speedy trial as guaranteed by the sixth amendment.

■ In Klopfer v. North Carolina, 386 U.S. 213, 226, 87 S.Ct. 988, 995, 18 L.Ed.2d 1 (1967), the court described the right to a speedy trial secured by the Sixth Amendment as "one of the most basic rights preserved by our Constitution," and held that through the Fourteenth Amendment it was applicable to the states. In Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the court held that upon the demand of a prisoner confined in another jurisdiction a state has "a constitutional duty to make a diligent, good-faith effort to bring him" to trial. [393 U.S. at 383, 89 S.Ct. at 579]. The Fourth Circuit in Kane v. State of Virginia, supra, 419 F.2d at 1372–1373 stated:

> Although federal habeas corpus relief is not ordinarily available to a state prisoner before trial, the peculiar nature of the right to a speedy trial requires an exception to this rule. The detrimental consequences of delay have been repeatedly catalogued.

Denial of a speedy trial adversely affects both the prisoner's present circumstances and his ability to defend himself in the future. Only a present remedy can lift its dual oppressions.

. . .

In discussing the remedy for denial of a speedy trial, the Fourth Circuit stated in *Kane* at 1373:

The American Bar Association's Standards Relating to Speedy Trial recommend that 'the consquence of denial of a speedy trial should be outright dismissal [as] this is the only effective way to enforce the speedy trial guarantee.' The Standards prescribe that dismissal should take the form of an absolute discharge that will forever bar prosecution for the offense. This, too, is the remedy provided in the Interstate Agreement on Detainers, by statute in a number of states, and by well-considered cases.

The Fourth Circuit in *Kane* set standards which a prisoner located in another state must meet him before he may be granted discharge by the federal court:

We believe this salutary rule should be applied in federal habeas corpus proceedings when the proof shows (1) that the prisoner demanded a speedy trial, (2) that the state nevertheless failed to make a diligent effort to obtain him for trial, and (3) that he has exhausted his state remedies as required by 28 U.S.C. § 2254 by seeking dismissal of the charges against him because of unconstitutional delay. If the prisoner, having satisfied these preliminary requirements, then prevails upon the merits of his claimed denial of a speedy trial, the district court should discharge him from custody under the detainer and bar prosecution of the charges for which it was filed. 419 F.2d 1373.

In *Kane*, the case involved an out-of-state detainer filed against a federal prisoner (Sutherland) and a delay of over three years after repeated requests by the prisoner for a speedy trial and withdrawal of the detainer. After relief was denied by this court and the United States District Court for the Eastern District, the Fourth Circuit ordered that the detainer be given no effect. The court mentioned the Interstate Agreement on Detainers which states that prosecution shall be barred if a prisoner is not tried on charges evidenced by a detainer within 180 days after the prisoner has demanded a trial. Kane, supra, at 1374. In the present case, petitioner mentions 180 days, but he mistakenly assumes that he must have a trial within 180 days of his arrest.

 This court finds that petitioner has not satisfied the standards as set forth in *Kane*. He must demand a speedy trial and exhaust his state remedies before coming to federal court. Furthermore he must prove that after his demand the state failed to make a diligent effort to grant him a trial. It is only after proving these elements that this court may consider his claim.

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.