**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE HORATIO SMITH, JR.,

      Petitioner-Appellant,

v.

STATE OF KANSAS,

      Respondent-Appellee.

No. 00-3134
(D.C. No. 99-CV-3160)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Petitioner George H. Smith, Jr. ("Petitioner") brought a 28 U.S.C. §2241

Petition for a Writ of Habeas Corpus ("Petition") in the United States District

Court for the Southern District of Illinois on December 3, 1998. (See Motion to

Vacate Detainer.) Petitioner requested that the federal district court intervene to

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

stop the warden of the federal prison in which Petitioner was then incarcerated[1] from executing a detainer filed by the State of Kansas on September 22, 1998, seeking the return of Petitioner to Kansas upon his release to be tried on charges of burglary and forgery. (See id.; see also Letter from Robert Holland, Fugitive Warrants, to Federal Correctional Institute, Records Section 1 (September 22, 1998)). Petitioner asserted that the State of Kansas lacked subject matter jurisdiction to proceed against him on the state criminal charges (see Motion for Immediate Consideration), and that the execution of the detainer would violate the Double Jeopardy Clause (see Motion to Vacate Detainer at 2.). Petitioner was due to be released from federal prison on December 11, 1998, and sought expedited review of his Petition for that reason. (See id.)

Petitioner's claims were not resolved prior to his release from federal prison and subsequent transfer to a jail in Wichita, Kansas, pursuant to the Kansas detainer. See Smith v. Kansas, No. 98-837-GPM, slip op. at 1 (S.D. Ill. April 26, 1999) (order transferring the case to the United States District Court for the

---

[1] Petitioner was incarcerated in the federal correctional facility in Greenville, Illinois, serving out a sentence for federal supervised release violations. (See Motion to Amend Complaint at 2.) Petitioner was first arrested on state charges on December 1, 1997, and was released on bail of $1000 on December 3, 1997. (See id.) He was arrested on charges of violating the conditions of his federal supervised release on December 17, 1997, apparently due at least in part to the behavior that led to the filing of state criminal charges against him. (See id.)

District of Kansas). Petitioner's request to have the case transferred to a federal court in Kansas was granted on April 26, 1999. See id.

Petitioner then filed a Motion to Amend his Petition on October 20, 1999. (See Motion to Amend Complaint (October 20, 1999)) ("Amended Petition"). In his Amended Petition, Petitioner stated that Kansas had filed the state detainer in violation of the Interstate Agreement on Detainers Act ("the Agreement") because Kansas initially told federal prison authorities that no state criminal charges were pending against the Petitioner on March 10, 1998 (see Letter from Sean Oakes, Administrative Aide, City of Wichita, to C. Montoro, Legal Instruments Examiner, Federal Bureau of Prisons 1 (March 10, 1998)), but had then issued a warrant for Petitioner's arrest on March 13, 1998 (see Arrest Warrant, Sedgwick County District Court), and filed the detainer at issue on September 22, 1998. Petitioner argued that the initial misstatement regarding state criminal charges resulted in a waiver of all state charges against him (see Amended Complaint at 8),[2] and that the delay violated a provision in the Agreement that requires adjudication of pending state criminal charges for which a detainer has been filed

---

[2] Petitioner also asserted that the false statements resulted in a violation of 18 U.S.C. §1341 (mail fraud statute) (see Amended Complaint at 13), and that they created a false expectation of release that caused him mental anguish (see Motion for a Mental Evaluation (October 13, 1999)).

within a specified time period.[3]  (See Motion to Amend Complaint (May 18, 1999), Tab G.)

The district court denied Petitioner's §2241 Petition on March 22, 2000, holding both that Petitioner's request to enjoin execution of the detainer was moot and that, in regard to Petitioner's amended claim challenging his present incarceration in Kansas, Petitioner had not exhausted his state court remedies as required by 28 U.S.C. §2254(b).  See Smith v. Kansas, No. 99-3160-RDR, slip op. at 1-2 (D. Kan. March 22, 2000).  Petitioner filed a Notice of Appeal on May 1, 2000, 12 days after the expiration of the 30-day filing period mandated by Federal Rule of Appellate Procedure 4(a)(1)(A). The district court found that Petitioner's late filing was excused for good cause.  Specifically, it found that the delayed

_____

[3]  The Agreement requires:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made in the indictment, information, or complaint . . . .

See 18 U.S.C.A. App. 2, art. III.  Petitioner has not alleged that he ever "caused to be delivered" the notice and "request for a final disposition" required by Article III of the Agreement.

delivery of his legal mail by correctional officers resulted in his not receiving the court's previous order until April 29, 2000.  See Smith v. Kansas, No. 99-3160-RDR, slip op. at 1 (D. Kan. May 12, 2000).  Petitioner's Motion to Proceed in Forma Pauperis was granted by the district court on June 23, 2000.  See Smith v. Kansas, No. 99-3160-RDR, slip op. at 1 (D. Kan. June 23, 2000).

For substantially the same reasons as the district court, we find that Petitioner's late filing of his Notice of Appeal is excused for good cause.

Because the Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case.  See, e.g., Rogers v. Gibson, 173 F.3d 1278 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  Under the provisions of AEDPA, a federal prisoner appealing a district court's denial of habeas relief under 28 U.S.C. §2241 ordinarily need not be granted a certificate of appealability ("COA").  See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997).  The district court thus held in this case that no COA was required.  See Smith v. Kansas, No. 99-3160-RDR, slip op. at 2 (D. Kan. June 23, 2000).

Although Petitioner was a federal prisoner when he initially filed the Petition, he has been incarcerated in a state institution since December 1998.  In addition, the Petition is based upon claims that a state detainer violated his rights

under the Constitution and the Agreement. We have held that "a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to §2254 or §2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (quoting 28 U.S.C. §2253(c)(1)(A)). Montez thus requires the issuance of a COA before this court may consider Petitioner's claims on their merits.[4]

A court may issue a COA "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(3). Petitioner has not made such a showing.

Initially, we note that the circuit courts of appeal are split on the question whether alleged violations of the Agreement are cognizable under 28 U.S.C. §2254. See Ronald I. Mirvis, Annotation, Availability of Post-Conviction Relief Under 28 U.S.C. §2254 Based on Alleged Governmental Violation of Interstate Agreement on Detainers Act, 63 A.L.R. Fed. 155 §§3-5 (1983) (2000 Supp.).

---

[4] The Petition, as amended by Petitioner, seeks to challenge not the execution of his sentence but the authority of the State of Kansas to try him on the charges for which he is currently incarcerated. Thus, despite the initial classification of the Petition by the district court, it appears Petitioner is pursuing a claim more appropriately brought under 28 U.S.C. §2254 than under 28 U.S.C. §2241. Under the provisions of AEDPA, a state prisoner appealing a district court's denial of habeas relief under §2254 must always obtain a COA before we may consider the merits of his claim. See 28 U.S.C. §2253(c)(1)(A), (B).

This court has not yet decided that issue. See id. Even if we were to find, however, that an alleged violation of the Agreement was cognizable under either §2241 or §2254, Petitioner has not alleged facts sufficient to support a "substantial showing of a denial of a constitutional right" as required by 28 U.S.C. §2253(c)(3). In particular, Petitioner has not argued that he ever "caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made in the indictment, information, or complaint" as required by Article III of the Agreement. Without the delivery of such notice, the 180-day period in which a prisoner must be tried under the Agreement, and which Petitioner contends was violated in his case, does not begin to run. See Grant v. Hogan, 505 F.2d 1220, 1224 (3d Cir. 1974) (holding that a federal prisoner's habeas corpus petition alleging violation of the 180-day provision in the Agreement must be denied because "[h]e neither requested a speedy trial nor sought relief from a higher state court, and it is clear that a prisoner must do at least both before seeking federal habeas corpus relief"); cf. Kane v. Virginia, 419 F.2d 1369, 1373 (4th Cir. 1970) (stating that a prisoner seeking federal habeas corpus relief for an alleged violation of his right to a speedy trial must show: "(1) that [he] demanded a speedy trial, (2) that the state nevertheless failed to make a diligent effort to obtain him for trial, and (3) that he

has exhausted his state remedies as required by 28 U.S.C. § 2254 by seeking dismissal of the charges against him because of unconstitutional delay").

We find that Petitioner has not made a "substantial showing of a denial of a constitutional right" because he has failed both to exhaust his remedies under the Agreement and to exhaust his remedies in the state courts of Kansas. See 28 U.S.C. §2254(b). We therefore decline to issue a certificate of appealability in this case and the appeal is DISMISSED.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge