**UNITED STATES ex rel. JUDD v. RAGEN.**

No. 9543.

Circuit Court of Appeals, Seventh Circuit.

April 30, 1948.

John L. Davidson, Sr. and John L. Davidson, Jr., both of Chicago, Ill., for appellant.

George F. Barrett, Atty. Gen. and William C. Wines, Asst. Atty. Gen., (Raymond S. Sarnow and James C. Murray, Asst. Attys. Gen., of counsel), for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Appellant was convicted in the Criminal Court of Cook County, Illinois, on a charge of burglary, and sentenced on October 1, 1940, to imprisonment for a term of one year to life. Upon appeal to the Supreme Court of Illinois the judgment was affirmed, without an opinion, and on April 22, 1946, his petition to the Supreme Court of the United States for a writ of certiorari was denied. Judd v. People of State of Illinois, 327 U.S. 811, 66 S.Ct. 972, 90 L.Ed. 1035. Subsequently he filed a petition for a writ of habeas corpus in which he alleged that he had been denied due process in violation of the Fourteenth Amendment to the Constitution of the United States because the judge of the State court denied him the right to be represented by counsel other than the public defender of Cook County, Illinois, "although he requested the appointment of any counsel but the public defender." After a hearing on the merits, at which time witnesses were heard, the District Court entered an order dismissing the petition. To reverse this order, appellant has appealed.

From the record it appears that appellant was duly indicted by a grand jury on September 2, 1940, in the Criminal Court of Cook County, Illinois, and that that court had jurisdiction of the subject matter and of the person of appellant. September 6, 1940, appellant was arraigned before the chief justice of that court. He pleaded not guilty to the indictment and informed the court that he had no lawyer to conduct his defense, whereupon the chief justice stated he would appoint the public defender to defend him, but when appellant said that he did not want the public defender, the chief justice transferred the

case to Judge Bolton, a judge of the Criminal Court of Cook County, Illinois, and said: "Appoint the Public Defender in that case anyhow," to which appellant replied: "All right." After the appointment of the public defender, an assistant public defender was assigned to defend appellant and thereafter that assistant interviewed appellant concerning his defense. The case was called for trial on October 1, 1940, at which appellant was represented by the assistant without objection. A jury was waived, witnesses were heard, and appellant was found guilty.

On his appeal appellant contends that the judgment of the State court is void and the sentence imposed illegal, on the ground that the action of the arraigning judge in appointing the public defender to conduct his defense constituted a violation of the Fourteenth Amendment. The argument is that the constitutional guarantee of due process requires that appellant be represented by counsel; that he was entitled to be represented by counsel other than the public defender; and that when he demanded that he be represented by counsel other than the public defender, the State judge had no right to disregard that demand.

The District Court made no finding that the assistant public defender was incompetent, but on the contrary he found "that the public defender did a pretty good job for him [petitioner]," and that petitioner had failed to show "that there was an ingredient of unfairness actively operating in the process that resulted in his confinement."

Article II, §§ 2 and 9 of the Illinois Constitution, Smith-Hurd Stats., provides that no person shall be deprived of life, liberty or property without due process of law and that, in all criminal prosecutions, the accused shall have the right to appear and defend in person and by counsel, and c. 38, § 730 of the Ill.Rev.Stat.1947 provides that "Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense." Chapter 34, § 163f of the same statute provides that "The Public Defender, as directed by the court, shall act as attorney and counsellor-at-law, without fee, before any court of record, exercising a general criminal jurisdiction within the county, for all persons who are held in custody or who are charged with the commission of any criminal offense, and who the court finds are unable to employ counsel. Provided however, the Court may, with the consent of the defendant, appoint counsel, other than the public defender, and shall so appoint if the defendant shall so demand, * * *."

This is a noncapital case, and in considering the argument pressed upon us it is well to remember, as the courts have often said, that the function of the writ of habeas corpus is to inquire into jurisdictional defects amounting to want of legal authority for the detention of the person in whose behalf it is asked. In such cases the court examines only the power and authority of the court to act, not the correctness of its conclusions. Our inquiry therefore is, was the judgment of the Criminal Court of Cook County, Illinois, void as in violation of the Fourteenth Amendment because that court had not complied with appellant's request that he be represented by counsel other than the public defender? We think the answer must be in the negative. We have already been told that the due process clause of the Fourteenth Amendment does not require that counsel be assigned to an accused, even when requested, Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, and that failure to assign counsel to assist an accused in his defense in an Illinois prosecution for a noncapital felony of burglary is not a violation of due process of law. Foster v. People of State of Illinois, 332 U.S. 134, 67 S.Ct. 1716. See also People v. Bute, 396 Ill. 588, 72 N.E. 2d 813, affirmed 68 S.Ct. 763; People v. Evans, 397 Ill. 430, 74 N.E.2d 708; and People v. Del Veawgo, 399 Ill. 243, 77 N. E.2d 668. Hence, in the situation here appearing, we are impelled to the conclusion that the judgment of the Criminal Court of Cook County, Illinois, was not void.