UNITED STATES of America ex rel. Frank GAITO, Appellant,

v.

James F. MARONEY, Warden.

No. 14156.

United States Court of Appeals Third Circuit.

Argued Sept. 16, 1963.

Decided Oct. 8, 1963.

Rehearing Denied Dec. 6, 1963.

\* \* \*

Stanley J. Reisman, Pittsburgh, Pa., and Zigmund L. Dermer, Monroeville, Pa., for appellant.

William Claney Smith, Asst. Dist. Atty., Pittsburgh, Pa. (Edward C. Boyle, Dist. Atty. of Allegheny County, Edward E. Fagan, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This appeal is from the denial of an application for habeas corpus arising out of a state court conviction.

In the present state of the record of this case, appellant has not as yet exhausted his state court remedy. There are two appeals in habeas corpus proceedings on his behalf pending in the Superior Court of Pennsylvania which raise the same constitutional questions as are before us. We consider it inappropriate for the federal courts to examine the merits of these problems before the state courts have finally disposed of the litigation.

Appellant's situation is further seriously complicated by the fact that he is not now serving the sentence concerning which he complains. He is confined because of revocation of parole pursuant to a previous sentence for a separate offense. He contends that his parole was revoked because of his conviction of the crimes on which the instant petition is based. If that is correct, the fact that he is so confined would not bar him from applying for a writ of habeas corpus as he has. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941). The difficulty is that the record does not show that the reason for the parole revocation was appellant's conviction of the crimes set out in this appeal.

Appellant's attorneys, who were assigned to represent an indigent client after he had instituted this action pro se, are to be commended for their devoted and skilled handling of the complex problems surrounding this appeal.

The judgment of the district court will be affirmed.

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, STALEY, HASTIE, GANEY and SMITH, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM.

In the opinion of this court filed October 8, 1963, we affirmed the judgment of the district court on two independent grounds. The first of these was because there are two appeals in habeas corpus proceedings on behalf of the defendant pending in the Superior Court of Pennsylvania which raise the same constitutional questions as are before us in the present appeal. We considered it inappropriate for the federal court to examine the merits of these problems prior to the state court litigation having been concluded. The second ground was that from the record before us appellant was not then serving the sentence concerning which he complained.

Appellant's petition for rehearing is based on the second ground alone. We are now presented with a Pennsylvania Board of Parole decision of "8–26–60" which reads "Recommit for violation of parole by conviction on a new offense to serve unexpired term. Maximum for parole violation 8–16–61."

It is asserted on behalf of appellant, that the only conviction undergone by

him prior to his parole revocation was of the crimes on which the petition in this appeal is founded. Appellee urges that "It is noted that the said decision does not indicate which specific conviction was the ground for the parole violation." This is well taken. The specific ground of the recommitment needs to be clearly established. However, because it also appears at this time that this issue has never been raised in the state court, with the latter not having had the opportunity to pass upon the full facts of the parole violation, appellant will undoubtedly include this issue for disposal in his pending state court proceedings.

The petition for rehearing will be denied.