**Tom Victor MARTIN, Appellant,**

v.

**Johnnie SPRADLEY, Sheriff of Panola County, Texas, Appellee.**

**No. 21550.**

United States Court of Appeals
Fifth Circuit.

Jan. 26, 1965.

Huff Wall, J. E. Jackson, Carthage, Tex., for appellant.

Crawford Parker, Jr., Carthage, Tex., Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Waggoner Carr, Atty. Gen. of Texas, Howard M. Fender, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for appellee.

Before HUTCHESON, GEWIN and BELL, Circuit Judges.

PER CURIAM.

The Appellant complains of the action of the United States District Court for the Eastern District of Texas in dismissing his Petition for Writ of Habeas Corpus. At the time Appellant filed his

**90**

Petition he was held in custody of the Sheriff of Panola County, Texas, by virtue of his conviction in a Texas court for the offense of rape. He had filed a motion for new trial in the state court which was still pending when he petitioned the federal district court for a writ of habeas corpus. At the time he filed his Petition Appellant had not perfected an appeal from his conviction to the Texas Court of Criminal Appeals, although that remedy was still available to him, nor had he raised the asserted denial of Federal Constitutional rights, which he sought to raise in the petition for habeas corpus, in any court of the State of Texas. The district court dismissed his Petition on the grounds that he had not exhausted the remedies available to him in the courts of the State of Texas as required by 28 U.S.C. § 2254.

■ Certainly that section requires that Appellant exhaust the state remedies still open to him before he files his application in federal court. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963). When the Appellant filed his Petition in the district court he still had open to him a motion for new trial pending in the state trial court and an appeal to the Texas Court of Criminal Appeals.

■ Appellant contended that any remedy available to him in the courts of the State of Texas would be inadequate in that under Texas law and procedure the most he could obtain would be a reversal of his conviction and a remand for a new trial, and that an instructed verdict of acquittal could not be entered. He asserts that this remedy would be inadequate because a new trial would place him in jeopardy again. Although Appellant is in error in asserting that a new trial for the same offense, after his prior conviction has been set aside upon his application, would place him in jeopardy a second time, Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1959); Ashley v. State of Texas, 319 F.2d 80 (5th Cir. 1963); even if he were correct, that consideration would not affect the adequacy of his

state remedy for purposes of federal habeas corpus proceedings. The sole purpose of habeas corpus proceedings is to test the validity or legality of the restraint of the petitioner. Shaver v. Ellis, 255 F.2d 509 (5th Cir. 1958). The question is whether he had a remedy available in the State of Texas which was adequate to test the validity or legality of the state court judgment under which he was restrained. It is quite clear on this record that Appellant had such a remedy available and that he made no attempt to exhaust it before seeking habeas corpus from the district court.

The dismissal of Appellant's Petition is therefore

Affirmed.