Douglas W. **HALL**, Appellant,

v.

Louis S. **NELSON**, Warden, California State Prison, Tamal, California, Appellee.

No. 22603.

United States Court of Appeals Ninth Circuit.

March 7, 1969.

**638**

Douglas Wendell Hall, for appellant.

Thomas C. Lynch, Atty. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

The United States district court has denied Hall's petition for a writ of habeas corpus. He appeals.

■ Hall pleaded guilty to a state. charge of robbing a grocery store. Under such circumstances, the grounds now possible in a federal court are limited. Doran v. Wilson, 9 Cir., 369 F.2d 505, upon which petitioner relies is quite different. In that case there was a claim that his confession was made under the heavy influence of narcotics. This, he said, induced his plea. Here Hall relies on the fact that he made a confession which was never known to the public defender who advised to plead guilty. He says the confession was illegally obtained because of inadequate warnings and this influenced his plea. The confession was post-Escobedo, Escobedo v. United States, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and pre-Miranda, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. To make a case pre-Miranda, it is necessary on the federal side to allege and prove that counsel was requested and denied. Manning v. California, 9 Cir., 378 F.2d 357. There is no such allegation here, so no district court hearing was required.

■ Also, there are other allegations about the inducement of the confession, but we are convinced that even in combination they do not offend Escobedo or any of the coerced confession cases. Further, it is evident that Hall knew that the state had such a mass of evidence against him that the confession was hardly significant. The Doran case dealt with a confession that may have been involuntary and the confession perhaps made the case. (A claim is made of an illegal search. The allegations show it was not.)

■ The claim of inadequate representation by the public defender distills to a contention that the petitioner did not tell the defender everything or that the defender did not ask him enough questions. On the record here, we reject the point.

Other points asserted, we also find without merit.

The order denying the writ is affirmed.