Enoch **DICKINSON**, Jr., Petitioner,

v.

McDonald **GALLION**, Alabama Attorney General, Respondent.

Civ. A. No. 5419–69.

United States District Court
S. D. Alabama, S. D.

July 11, 1969.

Enoch Dickinson, Jr., pro se.

MacDonald Gallion, Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

## 1308

### ORDER

PITTMAN, District Judge.

Petitioner was convicted of forgery by the Circuit Court of Mobile County, Alabama, and is incarcerated in the Mobile County Jail.

Petitioner alleges the Assistant District Attorney committed perjury by filing a motion containing false statements; that there was evidence to prove the statements to be false; and that the presiding judge disregarded the petitioner's complaints regarding the falsity of the statements in the motion. Petitioner also alleges that the complaining witness should be prosecuted for contempt for failing to testify.

In the original petition he prays to have his conviction set aside, his grounds being the Assistant District Attorney was not prosecuted for perjury and that the complaining witness was not prosecuted for contempt, therefore the laws of perjury and contempt were applied unequally in violation of his rights under the Constitution. However, in the habeas corpus forms sent by this court after the receipt of the original petition seeking further information, he stated he is not contesting the trial proceeding or "appealing his conviction, but seeks only to have the complaints of perjury and contempt prosecuted by the State of Alabama."

Petitioner further states that both the Court of Appeals and the Supreme Court of Alabama have considered and denied his direct appeal.

This petition is denied for the following reasons:

■ (1) The petitioner's seeking to have this court force the State of Alabama to prosecute the Assistant District Attorney of Mobile County, Alabama, for perjury and the complaining witness for contempt is not a proper provision of a Habeas Corpus petition. Martin v. Spradley, 341 F.2d 89, (5th Cir. 1965).

■■ (2) The fact that the Assistant District Attorney was not prosecuted for perjury nor the complaining witness prosecuted for contempt cannot reasonably be said to involve a deprivation of constitutional rights. These questions are matters of state law not involving federal constitutional issues. *Only errors reaching* constitutional dimensions can be considered. Johnson v. Bennett, 8 Cir., 386 F.2d 677.

"It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal." Grundler v. State of North Carolina, 4 Cir., 283 F.2d 798, 802.

It is therefore the order, judgment, and decree of this court that the petition for habeas corpus be and the same is hereby denied.