**David W. DONOVAN, Petitioner,**

v.

**Gerardo DELGADO, Warden, Respondent.**

**Civ. No. 545–71.**

United States District Court, D. Puerto Rico.

Oct. 15, 1971.

---

David W. Donovan, pro se.

Ulpiano Crespo, Dept. of Justice, Com. of P. R., San Juan, P. R., for respondent.

## MEMORANDUM, OPINION AND JUDGMENT

TOLEDO, District Judge.

*Brief Summary of the Case*

Petitioner filed on July 23, 1971, a Petition for Habeas Corpus and a Motion for Dismissal of Warrant alleging that he was and continues to be denied a fair and speedy trial, in violation of his constitutional rights as a citizen of the United States of America, in rela-

tion to Warrant No. 68–860, lodged against him by the Commonwealth of Puerto Rico, on June 7, 1968. Motion to file and proceed in forma pauperis was granted by the Court.

It is petitioner's contention that although he has been available and amenable to process and the judicial authorities of Puerto Rico have the obligation to see that he receives a speedy trial, said authorities have denied him, without any legal or just cause, his right to a speedy trial in violation of his constitutional rights under the Sixth Amendment of the United States Constitution, as recently expounded by the Supreme Court in Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607.

The petition further alleges that the petitioner has requested a fair and speedy trial in relation to the charge via petitions made in July 1968 and in July 1969, and that he has sent countless letters to the Commonwealth Superior and Supreme Courts and to all officials concerned requesting said speedy trial and that said communications show that it has been the petitioner who has taken all the initiative in this matter. Petitioner also alleges that he has taken all the necessary steps in relation to exhausting the legal remedies available in the Commonwealth of Puerto Rico before submitting this petition for habeas corpus. It is petitioner's final contention that as a result of the delay, his defense in the pending criminal proceeding has been irrevocably prejudiced, in that defense witnesses are no longer available; for which reason, he requests this Court to grant the petition of habeas corpus to bring about the dismissal of warrant No. 68–860.

The petitioner is presently under the custody of the Commonwealth of Puerto Rico in lieu of a detainer honored by the authorities at the United States Penitentiary in Leavenworth, Kansas, where he was committed upon the imposition of three concurrent sentences of 15 years by the United States District Court for the District of Massachusetts after the petitioner pleaded guilty to three indictments charging him with bank robbery. Said detainer and the transfer of the petitioner to the Commonwealth of Puerto Rico authorities, is based on a warrant of First Degree Murder and on comity, so that the petitioner can be tried in the Commonwealth Courts, with the understanding that he, after trial, be returned to the federal authorities at the U. S. Penitentiary, Leavenworth, Kansas.

The petitioner is awaiting trial in Criminal Number G–70–2439 in the Commonwealth of Puerto Rico, tentatively scheduled to be held on September 16, 1971.[1]

In attention to the petition filed on July 23, 1971, this Court, on August 9, 1971, issued an Order to Show Cause why a petition for habeas corpus should not be granted.

A hearing on the Order to Show Cause was held on August 20, 1971. On said hearing, the respondent contended that the continuances on the petitioner's case, had been granted by the state court on motions by the petitioner and of his assigned counsel in the state criminal proceeding. The hearing was continued, so as to allow the respondent to present documents in evidence showing the continuances in the state prosecution and also to give an opportunity to the attorney for the petitioner on said proceedings to be present.

On August 27, 1971, the respondent filed a Return to the Order to Show Cause, supported by a Memorandum of Law, moving the Court to dismiss the

---

1. On September 15, 1971, this Court entered an Opinion and Order whereby it stated that "in view of the fact that Criminal No. G–70–2439 is set for trial for the morning of September 16, 1971, this Court now enters the following opinion and order denying the petition for habeas corpus and will, at a later date, enter its Findings of Fact, Conclusions of Law and Judgment." The present Memorandum, Opinion and Judgment contains the Court findings of fact and conclusions of law.

petition for Writ of Habeas Corpus on the grounds that: (a) the petitioner has failed to exhaust all available state remedies; (b) the Commonwealth of Puerto Rico has been diligent in trying to bring the petitioner to trial in Puerto Rico and has acted in good faith; (c) the delays in bringing the petitioner to trial have been caused by acts of petitioner himself and of other persons out of the control and supervision of the Commonwealth of Puerto Rico; and (d) from the fact of the petition, even viewed in the most favorable light to petitioner, the jurisdiction of this Court cannot be inferred.

On that same day, the Court heard argument from the petitioner and the respondent in relation to the Order to Show Cause. The petitioner and the respondent submitted to the Court all documents related to their contentions. The matter was submitted to determine jurisdiction by this Court.

On the basis of the foregoing and the documentary evidence introduced by the parties herein, this Court makes the following

## FINDINGS OF FACT

On March 27, 1968, an arrest warrant was issued against the petitioner by the Commonwealth of Puerto Rico, charging him with first degree murder that allegedly took place on March 26, 1968.

The petitioner was arrested by the Federal Bureau of Investigations at Boston, Massachusetts and placed under the custody of the United States Marshal Office at Boston, Massachusetts.

The Commonwealth of Puerto Rico learned that the petitioner was detained by said officers and on April 1968, initiated proceedings to get the petitioner extradited to Puerto Rico.

On March 25, 1968, a complaint had been issued by the U. S. Commissioner in Boston, Massachusetts, charging the

petitioner with bank robbery. Three Indictments were returned by a Grand Jury for the offense. On August 5, 1968, the petitioner pleaded guilty in two of the indictments, and was sentenced on October 28, 1968 to concurrent sentences of 15 years. Subsequently, on November 21, 1968, on a plea of guilty on the third indictment for bank robbery, the petitioner was sentenced for 15 years to be served concurrently with the previous sentences and at the U. S. Penitentiary, Leavenworth, Kansas.

On December 26, 1968, the Commonwealth of Puerto Rico lodged a detainer against the petitioner on the United States Penitentiary, Leavenworth, Kansas. The Commonwealth informed, on January 21, 1969, the authorities at said Penitentiary, that they would extradite if necessary.

On July 10, 1969, the petitioner sent to the United States District Court in San Juan, Puerto Rico, a petition for fair and speedy trial or dismissal of warrant, petition for writ of habeas corpus ad prosequendum.[2] The Clerk of the United States District Court sent said petition to the Acting Administrative Judge of the Superior Court, Criminal Section in San Juan, Puerto Rico, who acknowledged receipt on July 30, 1969.

Said petition requested that a Writ of Habeas Corpus Ad Prosequendum, be issued or that the warrant issued by the Commonwealth of Puerto Rico against him be dismissed for lack of speedy trial as expounded in Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607.

On September 9, 1969, the Superior Court of Puerto Rico issued the requested Habeas Corpus Ad Prosequendum ordering the Warden of the United States Penitentiary, Leavenworth, Kansas, to deliver the petitioner to the United

---

2. The Court finds this petition to be the first such petition ever requested by the petitioner although he alleges in the Petition for Habeas Corpus under our consideration, that he filed a petition for habeas corpus on July 1968. Petitioner's Exhibit 2.

States Marshal for the District of Puerto Rico, in order that he be brought before the Commonwealth Superior Court so as to continue all criminal proceedings against the petitioner.

The documents submitted by the respondent reflect that the petitioner, between November 1969 and April 1970, wrote various letters to the Commonwealth judicial authorities requesting a speedy trial and a Writ of Habeas Corpus Ad Prosequendum.

On December 16, 1969, the Chief Judge of the Superior Court, Criminal Section, wrote the petitioner a letter acknowledging receipt of many of his letters and sending him a copy of the Order entered by the Superior Court on September 9, 1969, granting the Writ of Habeas Corpus Ad Prosequendum.

The record also reflects that on April 15, 1970, the Superior Court of the Commonwealth of Puerto Rico, issued an Order to Show Cause why the Habeas Corpus Ad Prosequendum issued on September 16, 1969, should not be dismissed. On May 5, 1970, said Writ was dismissed by reason of mootness, due to the fact that no agreement had been reached between the Commonwealth of Puerto Rico and the United States Attorney General in relation to the honoring of said Writ.[3]

On June 11, 1970, after the U. S. Attorney General through the Director of the Bureau of Federal Prisons had authorized the federal officers involved to honor the Writ of Habeas Corpus Ad Prosequendum, requested by the Commonwealth of Puerto Rico, the Commonwealth Superior Court again issued the Writ.

The record also reflects that on May 29, 1970, the Supreme Court of Puerto Rico issued an Order denying the petitioner a petition for habeas corpus and further stating that to the effect of the speedy trial requested by the petitioner, the matter should be notified to the Legal Aid Society in order that the petitioner should be granted said legal aid in the court of first instance.

From the record, it also appears that the petitioner filed on June 29, 1970, a Petition for Habeas Corpus and Motion for Dismissal of Warrant in the United States District Court for Puerto Rico.

The record reflects that on July 16, 1970, the United States Marshal for the District of Massachusetts, delivered the petitioner to the U. S. Marshal for the District of Puerto Rico in accordance with the Writ of Habeas Corpus Ad Prosequendum, issued on June 11, 1970.

On August 12, 1970, the prosecuting attorney for the Commonwealth of Puerto Rico, filed a complaint against the petitioner charging him with the commission of First Degree Murder.

The arraignment scheduled for August 18, 1970, had to be continued on request of the petitioner and later continued again on August 31st., because of the failure of the Commonwealth of Puerto Rico to notify the petitioner.

On September 11, 1970, the arraignment was held again and the petitioner requested ten (10) days to enter a plea or else a plea of not guilty was to be entered on his behalf.

On October 2, 1970, the attorney for the petitioner requested a continuance and filed a motion requesting that the mental competency of the petitioner be determined.

Upon said petitions, the case was continued again until November 10, 1970, and was later continued until January 1971, by reason of the petitioner voluntary conduct of not allowing the Government's psychiatrists to examine him

---

3. A document filed by the respondent reflects that the Writ of Habeas Corpus Ad Prosequendum issued on September 16, 1969, had not been served due to the fact that the authorities of the State of Massachusetts had served a Writ of Habeas Corpus Ad Prosequendum on the Warden of the United States Penitentiary, Leavenworth, Kansas, before the Writ issued by the Commonwealth of Puerto Rico could be served on said Warden.

in order to determine his mental competency.

On January 19, 1971, the case again had to be continued for the same reason and it is not until February 11, 1971, that the Government psychiatrist could make an evaluation on the mental competency of the petitioner.

On February 26, 1971, the Commonwealth Superior Court ordered that a hearing on the mental competence of the petitioner to stand trial, be held on March 8, 1971. It is on March 10, 1971, that the mental competency of the petitioner to stand trial is determined by the Court.

The petitioner filed a motion on April 6, 1971, requesting that the Commonwealth Superior Court judge recuse himself from hearing his case on the merits. On April 30, 1971, said motion was denied.

On April 15, 1971, the petitioner filed in the Commonwealth Superior Court a petition [4] alleging that from the moment of his arrest in 1968, he has been available and amenable to come to Puerto Rico to answer the charge of murder and that it was not until July 15, 1970, that he was brought to Puerto Rico and because of his own initiative. On said petition, he requested that the charge of first degree murder be dismissed with prejudice because his constitutional rights were violated by the Government's failure to give him a fair and speedy trial.

On April 22, 1971, the case had to be continued again, this time because of the impossibility of the prosecuting attorney to be present at the hearing. The case was continued until June 21, 1971.

On April 29, 1971, the motion of petitioner for dismissal of the charge filed on April 15, 1971, was heard. Said hearing was continued on May 4, 1971, May 20, 1971 and June 1, 1971. On these several dates, a full evidentiary hearing was held where the parties submitted in evidence all the pertinent documents.

On June 1, 1971, the Commonwealth Superior Court denied petitioner's motion of April 15, 1971. On that same date, the trial of the case was continued to July 20, 1971 at the request of the petitioner herein.

While the above mentioned petition was being considered by the Commonwealth Court, the petitioner filed on May 14, 1971, a motion requesting that the charge of murder be declared illegal and improper and as such be dismissed with prejudice; alleging that said charge is vague and contains insufficient facts to sustain the charge.[5]

On June 18, 1971, the petitioner pro se filed a Petition for a Writ of Habeas Corpus Ad Testificatum in the Commonwealth Superior Court in relation to a defense witness confined in the United States Penitentiary of Leavenworth, Kansas. Said petition was granted on June 28, 1971.

Petitioner, on June 22, 1971, filed a new motion requesting the Commonwealth Superior Judge to recuse himself. Said motion was granted on July 16, 1971.

On July 30, 1971, the petitioner pro se filed a motion alleging that his case had been irrevocably prejudiced due to the excessive and erroneous pretrial publicity it had received in the newspapers, thus making it impossible for him to enjoy due process of law. Said motion was withdrawn by the petitioner on August 11, 1971.

---

4. The Commonwealth Superior Court entertained the petition as a petition for Writ of Habeas Corpus. This Court also interprets that petition to be one for habeas corpus. The petition filed in this Court on July 23, 1971, that is, the petition under our consideration, is very similar to the one filed in the state court on April 15, 1971.

5. It seems that the petitioner later withdrew this motion, for nowhere in the record does it appear that it was placed on the Commonwealth Court Calendar and ruled upon.

The record lastly reflects some motions of minor importance and that the case is scheduled to be tried on September 16, 1971.[6]

The respondent's main contention in the Return to the Order to Show Cause issued on July 23, 1971, is that the petitioner has failed, at the time of filing his petition, to exhaust the available state remedies. Said contention is predicated on an alleged failure on the part of the petitioner to appeal to the Supreme Court of Puerto Rico the decision of June 1, 1971, where the Commonwealth Superior Court denied his petition of April 15, 1971 for writ of habeas corpus.

In view of the foregoing findings of fact, the Court makes the following

## CONCLUSIONS OF LAW

The power to entertain a petition for habeas corpus on behalf of a person who alleges he is under custody of state authorities in violation of his constitutional rights as a citizen of the United States, is granted to the federal courts by Title 28, United States Code, Section 2254. Said Section in the pertinent provisions, reads:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

■ This Court is of the opinion that, although Title 28, United States Code, Section 2254(b) reads, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court", the section is applicable to the present factual situation where the petitioner was the subject of a detainer and is under the custody of the state authorities pursuant to a Writ of Habeas Corpus Ad Prosequendum honored by the federal authorities, for the statute is applicable to a detention arising out of any state process. The early cases on the subject spoke of a person exhausting the remedies if he was held in custody pursuant to state process. When the doctrine of exhaustion of state remedies was codified in 1948, as part of the revision of the judicial code, it was the intention to codify existing law. In view of the fact that in the origin, the exhaustion doctrine involved detention pursuant to an indictment and not a judgment, it would be an anomalous thing to have the modern codification of the doctrine disown its origins. When it is remembered that the doctrine, under the case law, both prior and subsequent to the 1948 statute, is not one limiting the power of the federal courts, there is even more reason to find it applicable to a detention arising out of any state process. See "A Handbook of Federal Habeas Corpus" by Ronald P. Sokol, 1965 ed., pages 110–112.

Moreover, habeas corpus has been entertained in cases where a speedy trial issue has been invoked before a state trial has been held and there has been a judgment. May v. Georgia (5 Cir. 1969), 409 F.2d 203. See also Kane v. State of Virginia (4 Cir. 1970), 419 F.2d 1369.

■ The threshold question in all federal habeas corpus cases is whether or not a federal habeas corpus applicant has first exhausted his available state remedies before turning to federal courts

6. See Footnote No. 1.

to seek relief.[7] Such a question is a question of law, not of fact.[8]

■ The exhaustion provision is not one defining power of this Court but one which relates to the appropriate exercise of its power;[9] that is, it is rooted in considerations of comity and not on a want of power or jurisdiction.[10]

■ While the rule of comity between federal and state courts is one of sound public policy and should be applied with a spirit of liberality, its application must depend somewhat on the circumstances of the case before the Court. Plummer v. State of Louisiana (E.D.La.1967), 262 F.Supp. 1021.

■ The requirement that a petitioner of a writ of habeas corpus must have exhausted remedies available in the state courts rests upon regard for the sovereignty of the state, upon considerations of practical efficiency, the interest of the federal courts, and regards for the rights of prisoners. Rose v. Dickson (9 Cir. 1964), 327 F.2d 27. The United States Supreme Court has expressed:

"The requirement that state remedies be exhausted before relief is sought in the federal courts is grounded primarily upon the respect which federal courts have for the state judicial process and upon the administrative necessities of the federal judiciary. State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty. Only after state remedies have been exhausted without the federal claims having been vindicated, may federal courts properly intervene. Indeed, any other rule would visit upon the federal courts an impossible burden, forcing them to supervise the countless state criminal proceedings in which deprivations of federal constitutional rights are alleged." Wade v. Mayo, 1948, 334 U.S. 672, 679–680, 68 S.Ct. 1270, 1274, 92 L.Ed. 1647.

■ Conflict between state and federal authorities with regard to the administration of justice by the state is "a very delicate matter" to be avoided, whenever possible. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. (Justice Frankfurter in dissent, quoting Justice Holmes).

■■ The exhaustion of state remedies is a condition precedent to federal district court jurisdiction to grant habeas corpus from imprisonment by state, Title 28, U.S.C., 2254(b). Rupp v. Teets (9 Cir. 1954), 214 F.2d 312. The petitioner must so show before resort to a federal court. House v. Mayo, 1945, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, reh. den. 324 U.S. 886, 65 S.Ct. 689, 89 L.Ed. 1435. Proof of exhaustion of state remedies is essential to granting of federal writ of habeas corpus. Darr v. Burford, supra. See also Hughes v. Heinze (9 Cir. 1959), 268 F.2d 864; Gay et al. v. Graham (10 Cir. 1959), 269 F.2d 482; United States ex rel. Antczak v. Superintendent, Downey Veterans Administration Hospital (7 Cir. 1965), 354 F.2d 635. The doctrine requiring ex-

7. Title 28, U.S.C. § 2254. Ryan v. State of Louisiana (E.D.La.1970), 314 F.Supp. 1047. See also Fay v. Noia, 1962, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Milton v. Wainwright (5th Cir. 1968), 396 F.2d 214; Boyer v. City of Orlando (5th Cir. 1968), 402 F.2d 966.

8. Rose v. Dickson (9 Cir. 1964), 327 F.2d 27; See also Whiteley v. Meacham (10 Cir. 1969), 416 F.2d 36, certiorari granted 397 U.S. 1962, 90 S.Ct. 1505, 25 L.Ed. 2d 683.

9. Bowen v. Johnston, 1939, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455. See also Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, reh. den. 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344; Fay v. Noia, 1962, supra.

10. Ex Parte Royall, 1885, 117 U.S. 241, 253, 6 S.Ct. 734, 29 L.Ed. 868. See also Cook v. Hart, 1891, 146 U.S. 183, 193–195, 13 S.Ct. 40, 36 L.Ed. 934; Bowen v. Johnston, 1939, supra; Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Tolg v. Grimes (5 Cir. 1966), 355 F.2d 92; Bell v. State of Alabama (5 Cir. 1966), 367 F.2d 243, O'Neil v. Nelson (9 Cir. 1970), 422 F.2d 319.

haustion of state remedies has been applied to applications for federal habeas corpus before state trial. Brown v. Rayfield (5 Cir. 1963), 320 F.2d 96, cert. den. 375 U.S. 902, 84 S.Ct. 191, 11 L.Ed.2d 143; Hillegas v. Sams (5 Cir. 1965), 349 F.2d 859.

 Notwithstanding the doctrine of exhaustion of state remedies, the federal courts have power to grant writs of habeas corpus for purpose of inquiring into cause of restraint of liberty of any one in custody under authority of state in violation of the Constitution of the United States; but federal courts ought not, except in cases of peculiar urgency, exercise that jurisdiction by a discharge of a petitioner in advance of a final determination of his case in the state courts.[11] The general rule is not so rigid and inflexible that a federal district court may not deviate from it and grant relief in special circumstances where the need for the remedy afforded by the writ is apparent;[12] rare, extreme, and extraordinary situations,[13]

cases involving exceptional circumstances of peculiar urgency.[14] Whether such special circumstances exist call for a factual appraisal by the court in each special situation.[15] In such situations, the jurisdiction is to be exerted cautiously[16] with sound discretion[17] and in the light of the relation existing between state and federal courts in our dual system of government.[18] It is an exceedingly delicate jurisdiction[19] and it cannot be exercised except on definitely and narrowly limited grounds.[20]

 In the absence of exceptional or extraordinary circumstances, the federal courts will not properly interfere by habeas corpus with the regular course of procedure under state authority.[21] Orderly procedure requires that before a federal court is asked to issue a writ of habeas corpus in the case of a person held under state authority, recourse should be had to whatever judicial remedy afforded by the state may be open,[22] and the federal courts generally will not issue the writ until the

11. Ex parte Royall, supra; Tinsley v. Anderson, 1898, 171 U.S. 101, 104–105, 18 S.Ct. 805, 43 L.Ed. 91; Irvin v. Dowd, 1959, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed. 2d 900.

12. Bowen v. Johnston, 1939, supra. See also Darr v. Burford, 1950, supra; Frisbie v. Collins, 1952, supra.

13. United States ex rel. Noia v. Fay (2 Cir. 1962), 300 F.2d 345, affd. 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; United States ex rel. Ushkowitz v. McCloskey (2 Cir. 1966), 359 F.2d 788; Barry v. Sigler (8 Cir. 1967), 373 F.2d 835.

14. Sharpe v. Commonwealth of Kentucky (6 Cir. 1943), 135 F.2d 974; United States ex rel. Murphy v. Murphy (2 Cir. 1940), 108 F.2d 861.

15. Frisbie v. Collins, 1952, supra.

16. Chase v. Page (10 Cir. 1965), 343 F.2d 167.

17. United States ex rel. Kennedy v. Tyler, 1925, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138. See also Wade v. Mayo, 1948, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647; Clarke v. Grimes (5 Cir. 1967), 374 F.2d 550.

18. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, reh. den. Two cases, 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370; House v. Mayo, 1945, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, reh. den. 324 U.S. 886, 65 S.Ct. 689, 89 L.Ed. 1435.

19. Ashe v. United States ex rel. Valotta, 1926, 270 U.S. 424, 46 S.Ct. 333, 70 L.Ed. 662.

20. Ashe v. United States ex rel. Valotta, supra; Gemmel v. Buchkoe (6 Cir. 1966), 358 F.2d 338, cert. den. 385 U.S. 962, 87 S.Ct. 402, 17 L.Ed.2d 306, reh. den. 385 U.S. 1021, 87 S.Ct. 723, 17 L.Ed. 2d 561; Hall v. Nelson (9 Cir. 1969), 408 F.2d 637.

21. Beasley v. Pitchess (9 Cir. 1966), 358 F.2d 706; Butler v. Burke (7 Cir. 1966), 360 F.2d 118, cert. den. 385 U.S. 835, 87 S.Ct. 79, 17 L.Ed.2d 69.

22. Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, reh. den. Ex parte Mooney, 294 U.S. 732, 55 S.Ct. 511, 79 L.Ed. 1261; Watson v. Patterson (10 Cir. 1966), 358 F.2d 297, cert. den. 385 U.S. 876, 87 S.Ct. 153, 17 L. Ed.2d 103.

judicial remedies afforded by the state have been exhausted.[23]

The requirement to exhaust state remedies before application will be granted in federal courts, refers only to failure to exhaust state remedies still open to petitioner at the time he filed his petition in the federal court.[24] The requirement does not apply where the person detained has no remedy in the state courts by appeal[25] or the state remedy is inadequate[26] or where the state court was without jurisdiction in a matter within the exclusive jurisdiction of the federal courts.[27]

Puerto Rico remedies are not exhausted until the precise constitutional question presented in the petition for the writ of habeas corpus has been presented and passed upon on the merits by the Puerto Rico Supreme Court, as provided in the Code of Criminal Procedure of Puerto Rico. Title 34, Laws of Puerto Rico Annotated, Sections 1741, et seq.

The state procedures for the consideration of a writ of habeas corpus are available to any person unlawfully imprisoned or restrained of his liberty under any pretense whatsoever to inquire into the cause of such imprisonment or restraint.[28] Title 34, Laws of Puerto Rico Annotated, Section 1741(a). An appeal by any aggrieved party may be taken to the Supreme Court of Puerto Rico from the final order of a court or judge upon the return of the writ of habeas corpus. Title 34, Laws of Puerto Rico Annotated, Section 1773.

The Code of Criminal Procedure of Puerto Rico provides an adequate remedy which gives the state the opportunity to hear in an evidentiary hearing alleged constitutional deprivations. The decision of the Court of first instance as to the petition can be appealed to the Puerto Rico Supreme Court. The last remedy is adequate, effective and available, to the petitioner at the time of the petition.[29]

An examination of the records in the Commonwealth Superior Court reflects that no appeal has been taken to the Supreme Court of Puerto Rico by the petitioner from the Order of June 7, 1971, in which the Commonwealth Superior Court denied petitioner's application of April 15, 1971, for a writ of habeas corpus. In view of the fact that no direct appeal has been taken of said denial, the Court concludes that the petitioner has failed to exhaust the state remedies available at the time he filed

23. Ex parte Davis, 1942, 317 U.S. 592, 63 S.Ct. 26, 87 L.Ed. 484; Wade v. Mayo, supra; United States ex rel. Gaito v. Maroney (3 Cir. 1963), 324 F.2d 673.

24. Title 28, U.S.C., Section 2254(b); See also Fay v. Noia, 1962, supra; Martin v. Spradley (5 Cir. 1965), 341 F.2d 89; Baker v. Lee (5 Cir. 1967), 384 F.2d 703.

25. Ryan v. Tinsley (10 Cir. 1963), 316 F.2d 430, cert. den. 375 U.S. 17, 84 S.Ct. 139, 11 L.Ed.2d 46; United States ex rel. Williams v. Hedrick (7 Cir. 1966), 356 F.2d 430.

26. United States ex rel. Noia v. Fay (2 Cir. 1962), 300 F.2d 345, affd. 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Jones v. Crouse (10 Cir. 1966), 360 F.2d 157.

27. Wiggins v. Ragen (7 Cir. 1956), 238 F.2d 309.

28. The availability of the said state procedures is consistent with the purpose of the writ of habeas corpus for it gives a person restrained of his liberty, an immediate hearing so that the legality of his detention may be inquired into and determined. United States ex rel. Judd v. Ragen (7 Cir. 1948), 167 F.2d 802; Estrada v. Ahrens (5 Cir. 1961), 296 F.2d 690; Zaffarano v. Fitzpatrick (2 Cir. 1968); 404 F.2d 474, cert. den. 395 U.S. 977, 89 S.Ct. 2130, 23 L.Ed.2d 766; Walker v. Wainwright, 1968, 390 U.S. 335, 336, 88 S.Ct. 962, 19 L.Ed.2d 1215.

29. The state remedies stated by this Court, are those available to a petitioner before trial. After a conviction, if a petitioner understands there has been a violation of his federal constitutional rights, he would have to exhaust the available state remedies under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure before this Court could entertain a petition for a writ of habeas corpus. See Title 34, Laws of Puerto Rico Annotated, Rule 192.1.

his petition. Such a failure requires that this Court dismiss the petition, for the facts of this case, as found by the court, do not reflect a sufficiently exceptional case, which will require us to obviate the doctrine of exhaustion of the state remedies. We believe no manifest injustice will be inflicted to the petitioner by such requirement.[30]

Wherefore, it is ordered, adjudged and decreed, that the petition for writ of habeas corpus filed on July 23, 1971, be denied without prejudice to a renewal of the same after the petitioner had availed himself of such remedies as the laws of the state will afford him.[31]

It is further ordered, adjudged and decreed, that the petition be dismissed on the aforementioned grounds.

It is so ordered.

---

30. This court is of the opinion that decisions like United States ex rel. Gockley v. Myers (3 Cir. 1969), 411 F.2d 216, 219 and United States ex rel. Krenkowitz v. Rundle (E.D.Pa.1970), 317 F.Supp. 1378, 1383 are not applicable to petitioner's request; for the findings of fact made by the court, reflects that the state authorities made a diligent, good-faith effort to bring the petitioner to trial, as required by the Supreme Court of the United States in Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. There is also evidence in the record of the Commonwealth Superior Court which reflects that the petitioner in this action has caused almost all the delays in his trial since his arrival in Puerto Rico on June 1971.

31. Minnesota v. Brundage, 1901, 180 U.S. 499, 21 S.Ct. 455, 45 L.Ed. 639.