**Eduardo Rivera GARCIA, Petitioner,**

v.

**Benjamin Rivera RAMIREZ, Warden, Punta Lima Camp, Respondent.**

**Civ. No. 244–71.**

United States District Court, D. Puerto Rico.

Dec. 15, 1971.

Harry Anduze Montano, San Juan, P. R., for petitioner.

Federico L. Torres, Special Pros. Atty., Dept. of Justice, Com. P. R., San Juan, P. R., for respondent.

## ORDER

TOLEDO, Chief Judge.

Petitioner, Eduardo Rivera Garcia, filed through his counsel, on December 6, 1971, a Petition for Habeas Corpus alleging that he is restrained of his liberty in violation of his constitutional

rights under the Constitution of the United States.

It is stated in said petition that Eduardo Rivera Garcia is in Camp Punta Lima under the custody of the respondent herein, serving a prison term of ten to fifteen years imposed in Criminal No. G–66–309, by the Superior Court of Caguas, Puerto Rico, on December 29, 1966, which action was confirmed by Resolution No. CR–68–17, in the Supreme Court of Puerto Rico. The petitioner, Eduardo Rivera Garcia, further states that he filed a Writ of Habeas Corpus on March 27, 1969, in Civil Case No. 69–5603 at the Superior Court of Caguas, Puerto Rico, which was denied. But the petitioner nowhere reveals any further action taken by him in the local courts.

In view that petitioner herein failed to exhaust his available state remedies since petitioner failed to appeal to the Supreme Court of Puerto Rico the decision where the Commonwealth Superior Court denied his petition of March 27, 1969 for Writ of Habeas Corpus, as required by Rule 192.1 of the Rules of Criminal Procedure of the Commonwealth of Puerto Rico (Title 34, L.P.R.A.), this Court cannot entertain the above entitled action under Title 28, U.S.C.A., Section 2254.

Section 2254 of Title 28, United States Code, in the pertinent provisions, reads as follows:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the Courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise by any available procedure, the question presented."

This Court recently held that the exhaustion provision is one which relates to the appropriate exercise of the power of a federal court, rooted in considerations of comity and which rests upon a regard to the sovereignty of the state, consideration of practical efficiency, interest of the federal courts and regards for the rights of the prisoners. Donovan v. Garardo Delgado, 339 F.Supp. 446, 1971.

Orderly procedure requires that when a federal court is asked to issue a writ of habeas corpus in a case of a person held under state authority, recourse should be had to whatever judicial remedy afforded by the state may be open and the federal courts generally will not issue the writ until the judicial remedies afforded by the state have been exhausted. Proof of such exhaustion is essential and have not been met by petitioner herein who has failed to file a petition of habeas corpus in the Supreme Court of Puerto Rico, or appeal the decision of the Superior Court denying his petition of March 27, 1969.

Since the allegations of this case do not reflect a sufficiently exceptional case, which will require us to obviate the doctrine of exhaustion of the state remedies, the Court concludes that the petition be dismissed. See David W. Donovan v. Gerardo Delgado, *supra*.