Martín Colón PAGÁN, Petitioner,

v.

Honorable Guillermo Gil RIVERA, Judge, et al., Respondents.

Civ. No. 384–72.

United States District Court,
D. Puerto Rico.

May 2, 1972.

Oswald Evan Perkins, Santurce, P. R., for petitioner.

Secretary of Justice for the Commonwealth of Puerto Rico, San Juan, P. R., for respondents.

## ORDER

TOLEDO, District Judge.

Petitioner, Martín Colón Pagán, filed on April 28, 1972, an "Application for Writ of Habeas Corpus" alleging that he is restrained of his liberty in violation of his constitutional rights under the Constitution of the United States.

It is stated in his petition that he is at present committed in the Penitentiary of the Commonwealth of Puerto Rico, under the custody of the Respondents herein. It is further stated that said detention is pursuant to a sentence imposed by the Superior Court of the Commonwealth of Puerto Rico, after the Superior Judge denied a motion of the petitioner whereby he requested a new trial on the grounds that he did not receive a fair trial, because the prosecutor indulged in misconduct and violations of petitioner's right to due process of law at trial.

Nowhere in petitioner's application it is asserted that he has filed a Habeas Corpus petition in the local courts, as required by Rule 192.1 [1] of the Puerto Rico Rules of Criminal Procedure, Title 34, Laws of Puerto Rico Annotated.

Section 2254 of Title 28, United States Code, in the pertinent provisions, reads as follows:

"(b) An application for a writ of habeas corpus in behalf of a person in

---

1. Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, provides in the pertinent part:

"(a) Any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because (a) the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, * * *, or (d) the sentence is subject to collateral attack for any reason, may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment.

The motion for said purposes may be filed at any time. All the grounds which the petitioner may have to seek the remedy provided in this rule shall be included in the motion. Grounds not included shall be considered to have been waived, unless the court, in consideration of a subsequent motion, determines that they could not have been reasonably filed in the original motion.

(b) Unless the motion and the record of the case conclusively show that the person is not entitled to any remedy at all, the court shall order that copy of the motion be served on the prosecuting attorney of the corresponding part, in the case of a judgment rendered by the Superior Court; * * * The Court shall furnish legal aid to petitioner, if he has none, shall set the hearing of the motion promptly, [shall assure itself that petitioner has included all the grounds he may have to seek the remedy,] shall fix and admit bail in the proper cases, shall establish the questions in controversy, and shall make findings of fact and conclusions of law with respect thereto.

If the court determines that the judgment * * * for any reason * * * is subject to collateral attack or that there has been such violation of petitioner's constitutional rights as to render it susceptible to collateral attack the court shall vacate it and set it aside and shall order that the petitioner be released, or it shall render a new judgment, or shall grant a new trial, as it may deem proper.

The court shall consider and decide said motion without the presence of the petitioner at the hearing, unless a question of fact is raised which requires his presence.

The trial court shall not be bound to consider another motion filed by the same inmate to request the same remedy.

* * * The order entered by the Superior Court in these cases, in original proceedings, * * * shall be reviewable by the Supreme Court by way of certiorari."

This Court is of the opinion that the above stated remedy is adequate, effective and available at present to the petitioner herein.

custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

This Court recently said that the exhaustion provision is one that relates to the appropriate exercise of the power of a federal court; is rooted in considerations of comity; and rests upon a regard to the sovereignty of the state, considerations of practical efficiency, interest of federal courts and regard for the rights of the prisoners. Donovan v. Delgado, D.C., 339 F.Supp. 446. (decision entered on October 15, 1971). Cf. Figueroa Rodríguez v. Concepción Martínez, Civil No. 193–72 (Order entered March 1, 1972).

 Orderly procedure requires that when a federal court is asked to issue a writ of habeas corpus in a case of a person held under state authority, recourse should be had to whatever judicial remedy afforded by the state may be open and the federal courts generally will not issue the writ until the judicial remedies afforded by the state have been exhausted. Donovan v. Delgado, supra; Figueroa Rodríguez v. Concepción Martínez, supra. Proof of such exhaustion is essential and has not been met by the petitioner herein.

In view of the fact that the petitioner herein has failed to exhaust his available state remedies, by failing to file a petition of habeas corpus in the local courts pursuant to Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, which the Court finds a remedy adequate, effective and available, and since the alle-

gations in this application do not reflect a sufficiently exceptional case, which will require this Court to obviate the doctrine of exhaustion of available state remedies, this Court hereby

Orders, that petitioner's application be dismissed, without prejudice to a renewal of the same after the petitioner has availed himself of the remedies the laws of the Commonwealth of Puerto Rico provides.

It is so ordered.

