**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2684

MARIANO MALDONADO-PAGÁN,

Petitioner, Appellant,

v.

MR. MALAVÉ, WARDEN, BAYAMÓN CORRECTIONAL FACILITY,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

---

Before

Torruella, Selya and Lynch,
Circuit Judges.

---

José R. Olmo-Rodríguez, on brief, for appellant.
Yvonne M. Menéndez-Calero, with whom Quiñones & Sánchez,
P.S.C., was on brief, for appellee.

---

August 9, 2005

---

**Per Curiam**. Appellant-petitioner Mariano Maldonado-Pagán appeals a district court order dismissing his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. Finding no cause and prejudice even assuming a procedural default, we affirm.

**I**

On March 6, 1992, Maldonado pled guilty to three counts of first degree murder and grand arson for the killing and burning of the bodies of his wife and two children. He was convicted and sentenced to more than 300 years imprisonment by the Superior Court of the Commonwealth of Puerto Rico. Maldonado failed to appeal his conviction or sentence.

On April 21, 1997, Maldonado filed a pro se, state habeas corpus petition before the Puerto Rico Supreme Court. Although the Supreme Court denied it without comment, the petition was improperly presented pursuant to § 1741 of the Puerto Rico Code of Criminal Procedure, which requires petitioners to file a Rule 192.1 motion[1] in the trial court prior to seeking habeas relief. P.R.

_____

[1] Rule 192.1 provides, in relevant part:

> Any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . . the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, . . . may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment.

P.R. Laws Ann. tit. 34, App. II, R. 192.1 (1963). The Puerto Rico Supreme Court describes Rule 192.1 as "harmoniz[ing] these

Laws Ann. tit. 34, § 1741(c) ("No judge shall consider a writ of habeas corpus prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 of the Rules of Criminal Procedure, App. II of this title.").

On May 22, 1998, Maldonado filed a pro se Rule 192.1 motion before the trial court. The petition was denied, and Maldonado did not appeal the denial in the commonwealth courts.

Maldonado subsequently filed a federal § 2254 habeas petition,[2] arguing, as a basis for relief, ineffective assistance of counsel. On October 9, 2003, the district court dismissed the claim for failure to exhaust state remedies because Maldonado had not appealed the trial court's denial of his Rule 192.1 motion. Maldonado-Pagán v. Malavé, No. 98-2383 (D.P.R. Oct. 9, 2003).

This appeal follows. We review a district court's dismissal of a habeas petition de novo. See, e.g., Saint Fort v. Ashcroft, 329 F.3d 191, 202 (1st Cir. 2003).

---

procedures," -- i.e., the appeal, the motion to set aside a judgment, the writ of habeas corpus, and the writ of coram nobis -- by "providing a motion through which all the necessary elements of judgment may be submitted to the Court, to allow the latter to determine the validity of the conviction." Pueblo v. González Polidura, 18 P.R. Offic. Trans. 939, 953 n.5 (P.R. 1987) (quoting the Senate Judiciary Committee report at 5 Servicio Legislativo de P.R. 592-93 (1967)).

[2] 28 U.S.C. § 2254, states, in relevant part: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Maldonado argues that his claim is procedurally barred in the commonwealth court, but should nonetheless be excused for purposes of exhaustion since he can demonstrate cause for the procedural default -- ineffective assistance of counsel -- and prejudice resulting therefrom. We are not convinced.

At the outset, we note, and the government concedes as much, that Maldonado's claim does not appear to be procedurally barred and therefore state remedies have not been exhausted. Maldonado contends that his failure to appeal within thirty days' notice of the trial court's denial of his Rule 192.1 motion bars subsequent state appeals, thus foreclosing the resolution of his case by the commonwealth's highest tribunal. The government argues otherwise, stating that Maldonado may still file a state habeas appeal, as it is separate from a Rule 192.1 motion. See 34 L.P.R.A. §§ 1741-1781. Given that the commonwealth's highest court has not had the opportunity to decide Maldonado's habeas claim on its merits, the government argues, his claim has not been exhausted. See García v. Ramírez, 337 F. Supp. 39 (D.P.R. 1971) (no federal jurisdiction for lack of exhaustion since prisoner failed to appeal the trial court's denial of his habeas petition to the Puerto Rico Supreme Court). It is, after all, up to "the state court to decide whether the petitioner is procedurally barred . . . ." Rodríguez v. Warden, Escuela Indus. De Mujeres, Vega Alta

Puerto Rico, 791 F. Supp. 41, 43 (D.P.R. 1992). The government even agreed during oral arguments to stipulate that it will not oppose Maldonado's state habeas petition, should he choose to file one, on the grounds that it is procedurally barred.

In any event, even assuming, favorably to Maldonado, that further state proceedings are procedurally barred, we find it difficult to find cause and prejudice from the procedural default. Generally, a state court's finding that a "defendant procedurally defaulted a claim bars federal habeas corpus relief on that claim unless that defendant as a petitioner shows either cause for the default and prejudice from the claimed violation of federal law, or that a fundamental miscarriage of justice will result if the claim is not considered." Gunter v. Maloney, 291 F.3d 74, 78 (1st Cir. 2002) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)) (emphasis added). To show "cause," "the prisoner must show 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Id., 291 F.3d at 81 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). One such factor is "ineffective assistance of counsel at a level which violates the Sixth Amendment," id. (citing Coleman, 501 U.S. at 752), but that "ineffective assistance claim must itself ordinarily be fairly presented to the state courts and exhausted," id. (citing Edwards v. Carpenter, 529 U.S. 446, 450-54 (2000)).

-5-

In the instant case, Maldonado cites as "cause" the lack of legal assistance after his conviction and sentencing which resulted in an alleged procedural default. However, since it is "established that there is no right to counsel in state collateral proceedings," Coleman, 501 U.S. at 755 (citing Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989)), appellant's lack of counsel could not constitute "cause" to excuse a procedural default. Id. at 757.

We also reject Maldonado's claim that a fundamental miscarriage of justice would occur if his claim is not considered, on the theory that his lawyer's failure to raise his mental condition resulted in a conviction of one who is innocent. "To show that a fundamental miscarriage of justice would occur in the habeas context, 'petitioner must establish actual innocence.'" Gunter, 291 F.3d at 83 (emphasis added). This is indeed a narrow exception, for "'[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" Burks v. Dubois, 55 F.3d 712, 718 (1st Cir. 1995) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). Here, we find no new credible evidence that Maldonado is actually innocent of the murders and arson, and take note of the fact that Maldonado was in a general

-6-

population facility -- not a mental facility -- during his alleged procedural default.

For the reasons stated, the district court's order dismissing Maldonado's habeas corpus petition is affirmed.

**Affirmed**.